(Decided 9th March, 1869.)

ELEANOR MARVIN, Administratrix of JOHN A. CHISWELL *vs.* NICHOLAS BREWER, Administrator, *d. b. n. c. t. a.* of WILLIAM BREWER.

*Construction of a Bond and Articles of Agreement— Right of Action— Sufficiency of the Declaration— Conveyance of the Equitable estate in Land by Bond.*

In certain articles of agreement of three parts, between V and her husband and B, after stating that the husband was desirous to sell certain lands of which the wife had become seized after their intermarriage, so that he might receive yearly the interest during his life on the amount of such sale, and that the wife was willing to sell and convey the same to B, "provided the principal sum arising from such sale should be paid unto her, should she live longer than her said husband; and if not, at the death of her said husband, shall be paid over to her heirs;" it was further covenanted and agreed, that the wife and B should secure to the husband, by some good and sufficient instrument of writing, the yearly

Marvin, Adm'x, *vs.* Brewer, Adm'r.

interest on the amount of sale during his natural life; and in consideration of which security the husband covenanted and agreed with his wife and B, "that B should give his bond to C in trust for the wife, her heirs or assigns, for the just and full sum of five hundred and seventy dollars, to be paid to her after the death of her husband, should she be the longest liver; but should she die first, then to such person or persons as she might think proper to devise it to." B executed his bond bearing the same date with the articles of agreement, in which he acknowledged that by virtue of said articles he owed and was indebted (without stating any sum) to C, trustee, named therein for the wife, immediately after the death of the husband. HELD:

1st. That the bond must be construed in connection with, and as given in execution of the articles of agreement; that the two papers constitute in fact one executed and consummated agreement, and are in effect a contract by which the husband and wife sold to B the land belonging to the wife for $570, the yearly interest upon which he was to secure and pay to the husband during life, and for the principal he gave his bond payable immediately after the husband's death to C, his executors or administrators as trustee for the benefit of the wife, and by him to be paid over to her if she survived her husband, and if she died before her husband then to the person or persons to whom she might dispose of it by will, or to her heirs if she died intestate.

2d. That the legal obligation on the part of B was to pay $570, immediately after the death of the husband, to C, or to his executors or administrators; and the duty of C, or his personal representatives, was to pay the money when collected, to the wife or to her legatees or heirs as the case might be.

3d. That the right of action at law on the bond was in C and his personal representatives.

4th. That in an action on the bond by the administratrix of C against B, the declaration which set out the bond, referred to the articles of agreement and alleged the death of the husband, was sufficient.

5th. That on the signing of the bond which was under seal, and which was given in performance of the agreement to sell, the equitable estate and interest in the land passed to B from its date.

APPEAL from the Circuit Court for Montgomery County.

On the 1st of March, 1841, an action of debt was instituted by the appellant, then Eleanor Chiswell, as administratrix of John A. Chiswell, against William Brewer, the testator of the appellee. A *narr.* was filed on the 3d of March, 1842.

Afterwards, on the 7th of October, 1842, the plaintiff filed the following amended declaration:

William Brewer, late of Montgomery county, yeoman, was summoned to answer unto Eleanor Chiswell, administratrix of John A. Chiswell, in a plea that he render unto her the sum of five hundred and seventy dollars current money, which he unjustly detains from her, &c. Whereupon the said plaintiff by Richard J. Bowie, her attorney, complains that the said William, heretofore, to wit: on the 16th of March, 1814, by his certain writing obligatory, bearing date the day and year aforesaid, acknowledged himself to owe and be indebted by virtue of articles of agreement of three parts between William Vinson, Frances Elizabeth Vinson and himself, the said William Brewer, of the county and State aforesaid, bearing date the 16th March, 1814, to the said John A. Chiswell, by the name and description of "John A. Chiswell, trustee," named in the said articles of agreement, for Frances Elizabeth Vinson, wife of the said William Vinson, the sum of $570.

And the said plaintiff in fact saith, that the said William Vinson, named in the said writing obligatory, hath since the making thereof, and before the institution of this suit, to wit: on the 1st of March, 1840, departed this life. Nevertheless, the said defendant, although often thereto requested, the said sum of money or any part thereof to the said John A. Chiswell, in his lifetime, or to the said plaintiff, administratrix as aforesaid, since his death, (to whom letters of administration have been since granted,) hath not rendered or paid, but the same or any part thereof to render or pay, the said defendant hath hitherto wholly refused, and still doth refuse.

And whereas, also, afterwards, to wit: on the 16th of March, 1814, at the county aforesaid, by certain articles of agreement, bearing date the day and year aforesaid, made and executed by and between William Vinson, Frances E. Vinson, and the said defendant, it among other things was agreed that the said defendant should give his bond to John

Aug. Chiswell, in trust for the said Frances Elizabeth Vinson, her heirs and assigns, for the just and full sum of five hundred and seventy dollars, to be paid unto the said Frances Elizabeth Vinson, after the death of her said husband, should she be the longest liver; but should she die first, then to such person or persons as she might think proper to devise it to.

And whereas, the said defendant, afterwards, to wit: on the day and year last aforesaid, at the county aforesaid, by his certain writing obligatory, bearing date the day and year last aforesaid, at the county aforesaid, acknowledged himself, by virtue of the articles of agreement aforesaid, to owe and be indebted to the said John A. Chiswell, by the name of John A. Chiswell, trustee, named in the said articles of agreement, for Frances Elizabeth Vinson, wife of the said William Vinson, his executors, administrators, in the sum of five hundred and seventy dollars aforesaid, to be paid to the said John, his executors or administrators, immediately after the death of the said William Vinson. And the plaintiff in fact saith, that the said William Vinson, afterwards, and before the institution of the suit, to wit: on the first day of June, 1840, departed this life at the county aforesaid, and the said John A. Chiswell, afterwards, to wit: on the first day of June, in the year last aforesaid, also departed this life, and administration on his personal estate hath been by the Orphans' Court of the county aforesaid, duly granted, to wit: on the day and year last aforesaid, at the county aforesaid, to the said plaintiff. And the said plaintiff further in fact saith, that since the making of the writing obligatory aforesaid, to wit: on the day and year last aforesaid, at the county aforesaid, the said Elizabeth Vinson hath also departed this life. Nevertheless, the said defendant, although often requested so to do, hath not paid the said last mentioned sum of money, or any part thereof to the said John A., in his lifetime, or to the plaintiff, administratrix as aforesaid, since his death; but the same or any part thereof to pay,

hath hitherto wholly refused, and still doth refuse. Wherefore the said plaintiff saith she is injured, and hath sustained damages to the sum of five hundred dollars, and therefore she brings suit. And the said plaintiff brings into Court here the writings obligatory aforesaid, sealed with the seal of the said defendant, the date whereof is the day and year aforesaid, which sufficiently testifies the debt as aforesaid, as well as an exemplification of the letters of administration under seal of the Orphans' Court of said county, which sufficiently shows the granting thereof, in form aforesaid.

The articles of agreement referred to in the aforegoing declaration, are as follows :

Articles of agreement of three parts, made and concluded this sixteenth day of March, in the year of our Lord one thousand eight hundred and fourteen, between William Vinson, of Montgomery county and State of Maryland, of the first part, and Frances Elizabeth Vinson, wife of the said William Vinson, of the second part, and William Brewer, of the county and State aforesaid, of the third part, as followeth :

Whereas, the said Frances Elizabeth Vinson, wife of the said William Vinson, subsequent to her intermarriage with her said husband, William Vinson, hath become seized to her and her heirs in fee-simple, of and in certain lands with their appurtenances lying and being in Prince George's county and State aforesaid, they being one undivided fifth part of one-fourth of the real estate of Nathaniel Newton, late of Prince George's county as aforesaid, and as described by a general plot annexed to the deed of partition between the joint heirs of the said Nathaniel Newton. And whereas the said lands are of little benefit to the said William Vinson and his said wife, Frances Elizabeth Vinson, circumstanced as they are. And whereas, the said William Vinson is desirous that the said lands should be sold, so that he may receive, yearly, the interest during his life, on the amount of such sale, and his said wife, Frances Elizabeth

Vinson, being willing to sell and convey by a good deed of warranty to the aforesaid William Brewer, provided the principal sum arising from such sale shall be paid unto her, should she live longer than her said husband; and if not, at the death of her said husband, shall be paid over to her heirs.

. It is therefore covenanted and agreed by and between the said parties to these presents, in manner and form following, (that is to say:) the said William Vinson, for himself, his executors and administrators, doth covenant and agree to and with the said Frances Elizabeth Vinson, his wife, and the said William Brewer, their heirs and assigns, that they shall secure to him, the said William Vinson, by some good and sufficient instrument of writing, the yearly interest on the amount of said sale during his natural life. In consideration of which security, he, the said William Vinson, doth covenant and agree to and with the said Frances Elizabeth Vinson, his wife, and the said William Brewer, that he, the said William Brewer, shall give his bond to John A. Chiswell, in trust for the said Frances Elizabeth Vinson, her heirs or assigns, for the just and full sum of five hundred and seventy dollars, to be paid unto the said Frances Elizabeth Vinson, after the death of her said husband, should she be the longest liver; but should she die first, then to such person or persons as she the said Frances Elizabeth may think proper to devise it to.

In testimony whereof, they have hereunto set their hands and seals, the day and year first above written.

WILLIAM VINSON,　　[Seal.]
FRANCES E. VINSON,　[Seal.]
WILLIAM BREWER,　　[Seal.]

Signed, sealed and delivered in presence of us,

　　Richard Beall,
　　Abraham Jones.

Marvin, Adm'x, *vs.* Brewer, Adm'r.

The bond referred to in the aforegoing declaration, is as follows, to wit:

Know all men by these presents, that I, William Brewer, of Montgomery county and State of Maryland, by virtue of articles of agreement of three parts, between William Vinson, Frances Elizabeth Vinson and myself, of the county and State aforesaid, bearing date sixteenth of March, one thousand eight hundred and fourteen, do owe and am indebted to John A. Chiswell, trustee, named in the said articles of agreement for Frances Elizabeth Vinson, wife of the said William Vinson, his executors or administrators, immediately after the death of said William Vinson.

In witness whereof, I have hereunto set my hand and seal, this sixteenth day of March, one thousand eight hundred and fourteen.

WILLIAM BREWER, [Seal.]

Sealed and delivered in presence of,
  Richard Beall,
  Nathan S. White.

A general demurrer to the declaration was filed by the defendant at November term, 1842, in which the plaintiff joined. The cause was continued until 1849, when upon petition of William Marvin, alleging he had intermarried with the plaintiff, he was admitted a co-plaintiff by order of the Court. On the 12th of November, 1849, the defendant filed a special demurrer, and the cause was further continued until the second Monday of November, 1851, when the demurrer was overruled. The defendant upon leave granted withdrew his demurrer and plead to the declaration. On the 9th of October, 1852, the defendant filed two pleas: the first, after reciting the bond, said the plaintiffs ought not to recover, because there was no sum mentioned in the said writing obligatory upon which the Court could give judgment, there being no promise or undertaking

on the part of the defendant to pay to the said John A. Chiswell, trustee, as aforesaid, any sum of money whatsoever; the second, after reciting the articles of agreement, said the plaintiffs ought not to maintain their action, because it never was in contemplation of the said articles of agreement, that the defendant should at any time pay to the said John A. Chiswell, or his administrators, the said sum of money, or any part thereof, but that it was only intended to secure the same to the said Frances E. Vinson, should she survive her husband, &c., or to descend to her heirs at law, if she should not dispose of the same to some other person or persons, &c. To these pleas the plaintiffs demurred, and the defendant joined therein. The cause was continued until the second Monday of November, 1854, when the death of William Marvin was suggested, and the cause was then further continued to the second Monday of November, 1861, when the death of the defendant was suggested.

The appearance of John Brewer, the executor of the deceased defendant, and upon his death, of the appellee, was successively entered, and after regular continuances to August Term, 1866, the Court (BERRY, J.,) ruled the pleas good, and gave judgment on the demurrer for the defendant. From this judgment the plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT and MILLER, J.

*Richard J. Bowie,* for the appellant:

The questions presented are:

1st. Whether the cause of action set out in the amended *narr.* is sufficient to enable the plaintiff to recover?

2d. Whether the personal representative of the trustee can sue for the breach of the contract?

1st. The two instruments set out in the *narr.* constitute one agreement, by which it appears the appellee's testator bound himself to pay, upon the contingency therein men-

tioned, the sum of money sued for. *Chitty on Con.*, (*7th Am. Ed.*,) 89 *and* 90, *note* 1.

Several instruments in writing, made at the same time, between the same parties, and relating to the same subjects, constitute but one agreement. *Stephens vs. Baird*, 9 *Cow.*, 274; *Makepeace vs. Harvard College*, 10 *Pick.*, 302; *Sibley vs. Holden*, 10 *Pick.*, 250; *Hunt vs. Livermore*, 5 *Pick.*, 395, and other cases there cited.

And the Court will presume such a priority in the execution of them as will best effect the intent of the parties. *Newall vs. Wright*, 3 *Mass.*, 138.

Where there are two instruments, one full and explicit as to the intent and meaning of the parties, the other general, but referring to and adopting the stipulations contained in the former, in giving a construction to the agreement of the parties, both instruments will be considered as forming but one agreement. *Rogers vs. Kneeland*, 13 *Wend.*, 114; *Adams vs. Hill*, 16 *Maine*, 215; *Owings, &c. vs. Emery & Gault*, 7 *Gill*, 410.

2d. An action will lie by an executor or administrator upon a promise made to the deceased, for the exclusive benefit of the third party; but the administrator shall have no benefit if he does recover. 1 *Wills. on Ex'rs*, 574, 575, *2d Am. Ed., from 2d Lon. Ed.*, 701, *in mar.*, 5 *Am. Ed., and* 721 *in mar.; Lewin on Trusts*, 205; *Willis on Trustees*, 53, (*margin.*)

The right of action upon a contract of a deceased person with another, will, according to the rule of the common law, devolve upon the personal representative of the deceased, though the stipulation was to pay a sum of money exclusively for the benefit of a third person; nor can the action be sustained by the beneficiary. 1 *Lomax on Ex'rs*, 287; *Ross vs. Milne, et ux.*, 12 *Leigh*, 204; 1 *Wms. on Ex'rs*, 721.

At law, the trustee, although clothed with the dry legal title, is regarded as the legal owner, and his name must be used in any action or other proceeding affecting the title to

the property. *Hill on Trustees*, 316, 446, (*mar.;*) *Denton vs. Denton*, 17 *Md.*, 403; *Ware vs. Richardson*, 3 *Md.*, 505.

On the death of the trustee, the heir, executor or administrator becomes the legal owner of the property, but as he merely represents the ancestor, testator or intestate, he takes it in the same character, and is therefore bound by the same equity. *Lewin on Trusts*, ch. XI, sec. 3, *p.* 279.

Where the contract is under seal, and "*inter partes*," one not a party to the instrument cannot maintain an action for the breach of it, even though it contains a covenant for his benefit. *Spencer vs. Field*, 10 *Wend.*, 88; *Tylee vs. McLean*, 10 *Wend.*, 374; *Lomax on Ex'rs*, 287; *Ross vs. Milne, et ux.*, 12 *Leigh*, 204; *Barbour on Parties*, 24; *Owings vs. Owings*, 1 *H. & G.*, 484.

Upon the death of a trustee of personalty, the trust devolves on his executor, who is compelled to execute it. *Safford vs. Rantoul*, 12 *Pick.*, 233.

*James Revell* and *George Peter*, for the appellee:

A general demurrer brings up the broad question whether the plaintiff is entitled to recover upon the substantial merits of the case as they are disclosed in the pleadings and the supposed writing obligatory, and the contract will be taken as part of the pleadings. *Dilly vs. Roman*, 17 *Md.*, 337; *State vs. Culler*, 18 *Md.*, 418; 1 *Saund. Plead. & Ev.*, 430, 431.

If the Court be satisfied that it has the right to examine the previous pleadings, and that the contract and supposed bond form part of the same, it is submitted that there is a fatal variance between the bond, of which *profert* is made, and that set out in the declaration. There is no sum stipulated to be paid in the bond, as set forth in the first count of the declaration. The second count of the declaration is vicious, because the agreement set forth appears to be merely executory and there is no averment that the land was ever conveyed to William Brewer, and therefore the consideration failed and no liability attaches. *Crichter vs. Anderson*, 11 *G.*

& J., 450; Hunt vs. Livermore, 5 Pick., 395; Collins vs. Gibbs, 2 Burr., 899; Thorpe vs. Thorpe, 1 Ld. Raym'd, 662, and 1 Salk., 171.

The agreement cannot be called in to aid Chiswell or his representative on the bond, as the privity of agreement was not with Chiswell, therefore he can maintain no action on it.

The bond being insufficient to maintain an action at law, and a resort to the articles of agreement being necessary, the whole pleadings present such a case as a Court of Equity would alone take cognizance of. Moses vs. Murgatroyd, 1 John. Ch. Rep., 119, 473; Story's Eq. Jurisprudence, secs. 962, 964.

MILLER, J., delivered the opinion of the Court.

The bond of the 16th of March, 1814, refers in express terms to the articles of agreement of the same date, and must be construed in connection with and as given in execution thereof. The two papers constitute in fact one executed and consummated agreement. They are very unskilfully drawn, but the intention of the parties, which must govern their construction, is sufficiently plain. They are in effect a contract by which Vinson and wife sold to Brewer the land therein described belonging to the wife, for the sum of $570, the yearly interest upon which he was to secure and pay to the husband during life, and for the principal he gave his bond, payable immediately after the husband's death, to Chiswell, his executors or administrators as trustee for the benefit of, and by the trustee to be paid over to Mrs. Vinson if she survived her husband, and if she died before him then to the person or persons to whom she might dispose of it by will, or to her heirs if she died intestate. This is the true construction of the papers and effectuates the obvious intention of the parties.

The omission in the bond of the sum to be paid is supplied by the reference to the agreement. The legal obligation on the part of Brewer, which it is the object of this suit to

enforce, was to pay $570, immediately after the death of William Vinson, to Chiswell or to his executors or administrators. The duty of Chiswell, or his personal representative, was to pay the money when collected to Mrs. Vinson, or to her legatees or heirs as the case may be, and this duty can be enforced by the beneficiaries by appropriate proceedings in the proper *forum.* The right of action at law on the bond was unquestionably in Chiswell and his personal representatives. The doctrine of executed uses or trusts has no application to this case. The bond must be enforced against the obligor by an action at law, and the suit must be brought by the obligee or his personal representative; the action was therefore properly brought by the administratrix of Chiswell.

The declaration states all the facts necessary to maintain the action against Brewer. It states the death of Vinson the husband, and on the happening of that event his obligation to pay arose, and was in no way dependent on the fact whether Mrs. Vinson survived her husband or not, or died intestate or not. Nor was it necessary to aver the land had been conveyed by a deed. The bond is under seal, was given in performance of the agreement to sell, and when signed, there was an executed contract by which the equitable estate and interest in the land passed to Brewer from its date. If he did not and could not obtain a perfect unincumbered legal title by reason of any defect or incumbrance existing at the time of the contract, or if there be any other equitable defence it must be availed of by resort to the appropriate *forum.*

These views dispose of all the questions presented by the record. There was error in overruling the demurrer to the pleas for which the judgment below must be reversed and the case sent back under a *procedendo.*

*Judgment reversed and*
*procedendo awarded.*

(Decided 9th March, 1869.)