Magel *et al. v.* Milligan *et al.*

---

MAGEL ET AL. *v.* MILLIGAN ET AL.

[No. 18,430. Filed May 24, 1898.]

APPEAL.—*Joint Assignment of Errors.—Husband and Wife.*—Where a husband and wife join in an assignment of errors, the assignment will be good as to both if it is good as to the wife. *p. 585.*

DECEDENT'S ESTATE.—*Action by Heirs.—Complaint.*—Where an action is brought by heirs for a debt due an ancestor, it is necessary to allege and prove that the debts of the ancestor have been paid, and the estate settled, or that no letters of administration have been granted. *p. 585.*

EVIDENCE.—*Possession of Note.*—The possession of a note and mortgage securing it is *prima facie* evidence of title in them. *p. 586.*

HUSBAND AND WIFE.—*Estate by Entireties.—Mortgage.—Estoppel.*—Where a husband and wife own real estate by entireties, and, desiring to procure a loan, make an affidavit setting forth that a part of

the money to be borrowed is to be used to pay off an incumbrance upon the land, and the balance to purchase other land to be held by entireties, and upon the faith of such affidavit the loan is made, and a mortgage on such real estate accepted as security, the wife will afterwards be estopped from claiming that the mortgage was exe- cuted to secure money to pay the husband's debts, and therefore void. *pp. 586, 587.*

HUSBAND AND WIFE.—*Estate by Entireties.—Presumption.*—Where property is held by entireties, there may be some presumption indulged that the owners are, as they seem to be, equally inter- ested and equally responsible, and that, when they give their joint note and mortgage, they are joint principals. *p. 588.*

From the Marion Superior Court. *Affirmed.*

*F. E. Gavin, C. F. Coffin* and *T. P. Davis,* for ap- pellants.

*William T. Brown,* for appellees.

HOWARD, J.—This was an action on promissory notes, and to foreclose mortgages securing the same. The notes and mortgages were executed by appellants, husband and wife, in favor of Joseph Milligan, de- ceased; and the action was brought by appellees as the only heirs at law of the said Joseph Milligan.

The appellant Louisa Magel filed her separate an- swer to the complaint, in which she averred, that at the time of the execution of the notes and mort- gages she was, and ever since has continued to be, the wife of Henry Magel, her co-appellant; that the money received for said notes and mortgages was re- ceived by her said husband; that none of it was ever received by her, or used in the improvement of her separate estate; and that she signed the notes and mortgages simply and solely to enable her husband to procure a loan for his own use and benefit.

To this answer the appellees replied, admitting that appellants were at the date of the notes and mort- gages, and still are, husband and wife, and that the land mortgaged was then and still is held by them as tenants by entireties. But, it is further said in the re-

ply, the notes and mortgages were executed by appellants for a loan then made to them by Joseph Milligan. And the reply continues, that before said loan was made or said notes and mortgages executed, the appellants, "for the purpose of showing and convincing said Joseph Milligan, and those acting for him in the matter, for what purpose said debt was made and said notes and mortgages given, and the use that was to be made of the money to be obtained upon said loan," signed and made oath to a written statement, set out in the reply. In this affidavit it was stated that the appellants were the owners in fee simple by entireties of the lands on which the mortgages were to be given; that the money to be borrowed was to be used in part to pay off an encumbrance then upon the land, and the balance to purchase other land, also to be held by entireties; that Louisa Magel presented said affidavit to Joseph Milligan and to those acting for him in the matter, "intending that they should rely upon said statement, and should act thereon in making said loan. And said Joseph Milligan and those acting for him did believe the said statement to be true, and did, in good faith, rely upon the same, and did make said loan so believing said statement and so relying upon the truth of the same. If said Joseph Milligan or those acting for him had known that said statements were false, and that said loan was, as alleged in the said answer, made for the sole use of the defendant, Henry Magel, said loan would not have been made, nor would said loan have been made if said representations had not been made. And plaintiffs say that the proceeds of said loan were applied first to the payment of the mortgage debt set out and mentioned in said affidavit, which was a valid and subsisting lien upon the real estate described in the complaint, and the residue was paid and given

to both of the defendants by a check upon a bank, payable to the order of both defendants."

Upon the issues so formed the court found for the appellees, that the mortgages securing the notes given for the loans were valid liens upon the lands of appellants, and should be foreclosed. Over a motion for a new trial, made by Louisa Magel, judgment was rendered in favor of appellees.

Both appellants unite in assigning as error that the court overruled Louisa Magel's motion for a new trial. There is some discussion as to whether the assignment so made is joint or several as to the parties appellant. But in this case the question is not material. Henry Magel did not make any motion for a new trial, and took no exceptions to any ruling of the court in regard to such motion. Ordinarily, therefore, an assignment of error made by him that the court overruled a motion for a new trial would not be available; and, under the general rule that a joint assignment of error must be good as to all who unite in it, the assignment here, being bad as to Henry Magel, would be bad also as to his co-appellant, Louisa Magel. But there is an anomalous exception to the general rule here stated, a remnant of old procedure resulting from the former legal relations of husband and wife; and, according to this exception, it is held that where husband and wife are parties an assignment will be good as to both if it is good as to the wife. Elliott's App. Proc., section 319; *Stewart* v. *Babbs,* 120 Ind. 568; *Sibert* v. *Copeland,* 146 Ind. 387. The fact that Henry Magel joined in the assignment made by his wife did not, therefore, make the assignment bad.

Where, as in this case, an action is brought by heirs to recover a debt due an ancestor, it is necessary to allege and prove that the debts of the ancestor have been paid, and the estate settled, or that no letters of

administration have been granted. *Finnegan* v. *Finnegan,* 125 Ind. 262. The reason for this rule is a very sound one. So long as there is an administrator he is entitled to recover all debts due the estate; besides, the heirs can have no right to sue for and recover debts due the estate when such amounts may be needed to make payment to the creditors of the estate. The claims of creditors are paramount to the rights of heirs.

It is admitted by appellants that the allegations of the complaint in this respect were sufficient; but they contend that there was not sufficient evidence to show that Joseph Milligan's estate had been settled. It was admitted on the trial that Joseph Milligan died intestate, that prior to the commencement of the action "all the debts of his estate had been paid and settled up," and that the appellees are his only surviving heirs. This admission alone would not perhaps have been sufficient to show that the estate had been settled, and that there was no administrator. We think, however, that there was enough other evidence heard by the court to authorize the finding that the estate had been settled. The appellees were in possession of the notes and mortgages, and this was at least *prima facie* evidence of title in them. 2 Parson Notes and Bills, 444; *Casto* v. *Evinger,* 17 Ind. App. 298. Sufficient inferences, as we think, could be drawn from the evidence in the record to support the allegation made in the complaint that the estate had been settled. There was nothing shown to the contrary.

The chief contention made by appellants is that the evidence does not support the finding of the court. A careful reading of the record has, however, satisfied us that, notwithstanding the conflict in the evidence, the court had ample support for the finding made. The affidavit filed by appellants when the loan was made

was explicit as to the use to be made of the money, and would seem to have fully justified Joseph Milligan in relying upon the representations then made to him that the money was to be used, not for the husband, but for the benefit of the wife's estate. This affidavit was presented by the wife herself, and the evidence showed that she understood the contents of the affidavit at the time she swore to its truth. A part of the money was certainly used to pay a lien upon the land, for which the wife was jointly liable with her husband; and the remainder was paid, not to the husband, but to the husband and wife, by check to their joint order; and it was shown that she and her husband both indorsed these checks before the money was drawn from the bank. If money cannot be safely loaned to a husband and wife after the taking of such precautions, it would seem that it could not be loaned at all. The parties should be estopped from now denying the consequences of their own words and acts. *Rogers* v. *Union Cent. Life Ins. Co.,* 111 Ind. 343, 60 Am. Rep. 701; *Wertz* v. *Jones,* 134 Ind. 475; *Trimble* v. *State,* 145 Ind. 154, 57 Am. St. 163.

Even if it were true that the husband and wife had a secret understanding with one another that the money to be borrowed was not to be used as agreed to in the affidavit filed by them, and even if the money were actually used by the husband in violation of such sworn affidavits; yet, unless the wife were shown to be totally ignorant of the nature of the proceedings, no benefit ought to accrue to her from such deception; nor ought such fraud on the part of husband and wife avail to make it unlawful for one to loan them his money, relying, as the decedent here did, upon their false representations. Husband and wife should not be suffered to take advantage of their own wrong in so concealing their real design, unless, indeed, the

money lender himself had knowledge of the true state of the facts, and so participated in the violation of the law, which we do not think is here shown. *Cummings* v. *Martin*, 128 Ind. 20.

It may be added that a difference has been recognized between a case such as this, where husband and wife own their lands by entireties, and a case where one or both are the owners of separate interests. *Security Co.* v. *Arbuckle*, 119 Ind. 69. If the property is held by entireties, there may be some presumption indulged that the owners are, as they seem to be, equally interested and equally responsible, and that when they give their joint note and mortgage they are joint principals; and, in the face of such presumption, there should be some satisfactory proof to show that the wife is only surety, if such should be the fact. *Miller* v. *Shields*, 124 Ind. 166. Here the only such evidence offered amounts to little more than a claim that husband and wife joined in a scheme to deceive the money lender. It has often been held that the beneficent statute framed to protect the wife and family and home ought not to be perverted into a cloak for fraud. *McCoy* v. *Barns*, 136 Ind. 378. Judgment affirmed.