# MARIE E. MEYERS

*vs.*

# EAST END LOAN & SAVINGS ASSOCIATION ET AL.

*Husband and Wife—Tenancy by Entireties—Effect of Divorce—Payments by Husband on Price—Contribution—Partition Sale.*

Where, by reason of a divorce, tenants by the entireties become tenants in common, the wife is not entitled to the benefit of payments, made by the husband after the divorce, on the purchase price of the property, unless she contributes thereto. p. 612

Where a husband and wife acquired the equitable title to property under a contract of sale, they are tenants by the entireties, and it is immaterial in this regard that both executed the contract, and that the husband subsequently paid installments of the price as a gift to her. p. 612

By a decree of absolute divorce tenants by the entireties under a contract of sale become tenants in common, and are as such equally liable for payments on the contract price thereafter becoming due. p. 612

Where one tenant in common pays a charge or encumbrance upon the common property, he is entitled to contribution from his cotenant, and, as against his cotenant, to an equitable lien for the amount due him. p. 612

While every tenant in common, whether his title be legal or equitable, is entitled to the separate enjoyment of his interest, either by partition, or sale and division of the proceeds, courts of equity do not hesitate to adapt their methods to the exigencies of justice or to protect the equitable rights of those concerned. p. 613

Payments made by the husband during the existence of the marital relation, on account of the purchase price of property held by him and his wife by the entireties, must be regarded as a gift by him to his wife to the extent of her interest in the property. p. 614

Where a woman, divorced from her husband, asked for a partition sale of property which they acquired as tenants by

the entireties under a contract of sale, *held* that she was entitled to such sale, since the husband's payments on the purchase price after the divorce were not more than the value of her one-half interest in the property, but that he should be paid from her share of the proceeds the amount of such payments made by him.                                                p. 614

One tenant in common is not liable to his cotenants for use and occupation unless there has been an ouster of his cotenants.                                                p. 615

*Decided January 10th, 1922.*

Appeal from the Circuit Court No. 2 of Baltimore City (STUMP, J.).

Bill by Marie E. Meyers against the East End Loan and Savings Association of Baltimore City and George W. Meyers, praying a partition sale. From decrees denying such relief, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*James Fluegel,* submitting on brief, for the appellant.

*Edward L. Ward,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

On the 6th of January, 1916, the East End Loan & Savings Association of Baltimore City and George W. Meyers and Marie E. Meyers, his wife, entered into a written agreement, by which Meyers and his wife became the purchasers of the property, consisting of a house and lot, known as No. 1766 Homestead Street, in Baltimore City, subject to an annual ground rent of sixty dollars.

The agreement recited that Meyers and his wife were members of the association and the holders of sixteen "of its shares of the par value of" $100 per share, and that the association had agreed to sell said property to them for the sum of $1,600, payable "in weekly installments * * * accounting from Wednesday, the day of January," 1916, of $4.00 as

dues and $1.92 as premium until the weekly dues paid amounted to $1,600. The agreement further provided for the weekly payment by Meyers and his wife to the association of $1.80, to be applied by the association to the payment of taxes and ground rent on the property. Meyers and his wife covenanted to make the weekly payments referred to and also agreed that, in the event of their failure to do so for thirty days, they should be "treated as tenants of said property," and would surrender possession thereof to the association upon five days notice, and that "all monies" paid by them should be considered "as a rental for" the property. The association covenanted to convey the property to Myers and his wife "at any time upon payment of the balance due" under the agreement, provided the agreement had not been forfeited.

On the 18th of October, 1920, George W. Meyers obtained an absolute divorce from his wife, Marie E. Meyers, and on the 1st of November, 1920, she filed the original bill of complaint in this case against him and the East End Loan & Savings Association of Baltimore City for a sale of the property mentioned for the purpose of partition. The prayers of the amended bill of complaint are: (1) that a trustee be appointed to sell the property clear of all encumbrances; (2) that the proceeds of sale be paid to the plaintiff and to the defendants according to their respective interests therein, and (3) for general relief.

The association answered the bill, admitting the execution of the agreement mentioned, which it filed as an exhibit, and that the property was not susceptible of partition, and expressing its willingness to abide by the decree of the court. The answer of George W. Meyers denied that the plaintiff had any interest in the property, and alleged that he agreed to purchase the property and made the first payment thereon of $105 out of money that he had in the Savings Bank of Baltimore, and has continued ever since to make the payments

required by said agreement out of his savings; that he obtained an absolute divorce from the plaintiff on the ground of adultery, and that during the pendency of the divorce proceeding he paid the plaintiff alimony; that the court should not direct a sale of the property, because the plaintiff had no interest therein, his right to purchase being "conditioned only" upon the faithful performance of said agreement, and that if he should fail to make the payments required by said agreement his right to purchase would end, and he would become the tenant of the association.

Upon the evidence showing that the defendant, George W. Meyers, prior to the execution of the agreement mentioned, paid to the association on account of the property $105; that between the date of said agreement and the date of the decree of divorce he made the weekly payments required by the agreement amounting to $697.49; that he has continued to make said payments since the divorce; and that the plaintiff has never paid or offered to pay any part of the payments required by said agreement, the court below, on the 31st of March, 1921, passed a decree dismissing the bill "in so far as it seeks * * * a sale of said property for the purpose of" partition, but retaining it for the purpose of determining what, if any, interest the plaintiff had in the money paid to the association prior to the date of the divorce. On the 3rd day of May, 1921, the court passed a supplemental decree, decreeing that the plaintiff was entitled to receive from the defendant, George W. Meyers, one-half of the sum of $694.49, the amount paid by him under said agreement up to the date of the divorce, to wit, the sum of $347.25, and that the plaintiff and the defendant George W. Meyers should each pay one-half of the costs.

The theory upon which the decrees were passed, and the contention of the appellee in this case, is that it was incumbent upon the plaintiff, after the decree of divorce, to pay one-half of the weekly payments provided for in the agreement with the association, and that, without having paid or

offered to pay any part of the same, she is not entitled to participate in the benefits of the payments made by George W. Meyers since the divorce, or to a decree for a sale of the property for the purpose of partition. The principle invoked by the appellee is stated in 7 *R. C. L.* 868, as follows: "Where a joint tenant or tenant in common purchases an outstanding title, his cotenant must, within a reasonable time, elect to avail himself of the benefit of the title, and offer to contribute his due proportion of the expense of the purchase of it, if he desires to take advantage of his privilege of redeeming his interest. Unless he makes such election to participate within a reasonable time, and contributes, or offers to contribute, his ratio of the consideration actually paid, he will be deemed to have repudiated the transaction, and to have abandoned its benefits." In the case of *Darcey* v. *Bayne,* 105 Md. 365, this Court, after referring to 4 *Kent's Com.,* 370, says: "One tenant in common before partition cannot purchase in an outstanding title or encumbrance on the joint estate for his exclusive benefit and use it against his cotenants. The purchase enures in equity to their common benefit and the purchaser is entitled to contribution. The principle rests upon the privity of the parties, and the fidelity and good faith which the connection implies. But all the authorities agree that this is a privilege or option, and not an obligation, and one which must be exercised within a reasonable time by a cotenant, otherwise be deemed to have repudiated the transaction, and abandoned its benefits. In their bill the appellees base their claim not upon the privilege accompanied with an offer, but solely upon the legal right asserted at any time, and not with a tender to contribute." The same principle was held to apply in *Clark* v. *Clark,* 139 Md. 43, where the plaintiff sought to have certain bonds purchased by the defendant impressed with a trust in favor of the plaintiff, and where this Court, speaking through JUDGE OFFUTT, said: "He (the plaintiff) could not claim the benefit of a contract made under such circumstances without assuming its bur-

dens too.   Under such circumstances it was clearly his duty,
if he intended to stand on the arrangement after learning
what had been done, to have informed the appellee within a
reasonable time of his willingness to contribute his propor-
tion of the purchase-price of the bonds. * * * Because even
though J. B. Clark had bought the bonds for himself and his
brother in equal shares, his brother could not reasonably ex-
pect to receive his proportion without paying, or offering to
pay, his proportionate part of the purchase price for them."

The rule stated, and the decisions referred to, have to do
with an effort on the part of one tenant in common to obtain
the benefit of a title acquired by his cotenant without con-
tributing, or offering to contribute, his share of the costs of
same, while in the case at bar the appellant is seeking to real-
ize the benefit of the title which she and George W. Meyers
acquired under their contract with the association.

By the agreement with the association, the plaintiff and
her husband acquired the equitable title to the house and lot
in question as tenants by the entireties.   *Marvin* v. *Brewer,*
30 Md. 247; *Brewer* v. *Herbert,* 30 Md. 301; *Cramer* v.
*Roderick,* 128 Md. 422.   The fact that Mr. Myers caused the
contract to be executed by both of them, and paid the weekly
installments up to the date of the divorce as a gift to her,
did not affect her interest in the property. *Reed* v. *Reed,* 109
Md. 690.   By the decree of absolute divorce the estate by the
entireties was converted into a tenancy in common.   *Reed* v.
*Reed, supra;* 13 R. C. L. 1122.   As tenants in common, the
appellant and George W. Meyers were equally bound by the
terms of the contract of purchase, and equally liable for the
payment of the contract price of the property, and, where one
tenant in common pays a charge or encumbrance upon the
common property, he is entitled to contribution from his co-
tenant, and, as against his cotenant, to an equitable lien for
the amount due him.   38 *Cyc.* 47; *Hogan* v. *McMahon,* 115
Md. 195.   While every tenant in common, whether his title
be legal or equitable, is entitled to the separate enjoyment of

his interest, either by partition, or sale and division of the proceeds (20 *R. C. L.* 743; *Code,* art. 16, sec. 137; *Campbell* v. *Lowe,* 9 Md. 500), courts of equity do not hesitate to adapt their methods to the exigencies of justice or to protect the equitable rights of those concerned. *Gittings* v. *Worthington,* 67 Md. 139; *Dugan* v. *Baltimore,* 70 Md. 1; *Godwin* v. *Banks,* 89 Md. 679; *Hogan* v. *McMahon, supra.*

In *Hogan* v. *McMahon* the plaintiff filed a bill against his sister for the sale of a property owned by them as tenants in common, on the ground that a partition could not be made without loss to them. The defendant answered the bill, admitting the allegations thereof but denying that the plaintiff was entitled to relief, because she had expended a large amount for the permanent benefit and preservation of the property, and the amount which the plaintiff was responsible for was in excess of the value of his interest in the property. She also filed a cross-bill, setting out that she had paid mortgages and other charges against the property; that the plaintiff was liable for one-half of the amount she had so paid; that the value of his interest in the property was less than the amount he owed her on account of such payments; and that a sale of the property in accordance with his bill would entail great expense and hardship upon her and would in nowise inure to his benefit. The prayers of the cross-bill were (1) that the amount paid by her for the permanent benefit and preservation of the property be determined by the court; (2) that she be decreed to have a lien upon the interest of the plaintiff for the amount found to be due her; (3) that he be required to pay her the amount so found to be due before any further action was taken on his bill, and, in default of such payment within such time as might be fixed by the court, that a trustee be appointed to convey his interest in the property to her; and (4) for general relief. On appeal from an order overruling a demurrer to the cross-bill, this Court, in the opinion delivered by Chief Judge Boyd, held that the appellee (defendant in the original bill) was entitled to have a lien

declared against the interest of the appellant; that if the lower court found, from the testimony to be offered, that the amount found to be due the appellee by the appellant was more than his interest in the property was worth, it could decree a sale of that interest, unless the lien was paid within such reasonable time as prescribed by the decree, "for it would be unjust to the appellee to unnecessarily sell her interest"; but that if it be shown that the half interest of the appellant was worth more than the amount ascertained to be due by him to the appellee, then the decree should, after declaring the lien for the entire amount, authorize a sale of the whole property, the proceeds to be first applied to the payment of that lien, after payment of expenses of sale, etc.; that if the amount ascertained to be due, for which a lien was declared, was paid by the appellant as prescribed in the decree, a sale should be decreed for the purpose of partition.

In the case now under consideration the amount paid by George W. Meyers on account of the property prior to the decree of divorce must be regarded as a gift to his wife to the extent of her interest in the property. As the result of the divorce, they each became entitled as tenant in common to an undivided one-half interest in the property, and liable for one-half of all payments that thereafter became due under the terms of the contract of purchase with the association. To the extent that such payments, made since the divorce, have been made by George W. Meyers, he is entitled to contribution from the appellant. But as it is not claimed that the amount due George W. Meyers by the appellant is more than the value of her one-half interest in the property, she is entitled to a decree for a sale of the property, and in the distribution of the proceeds the amount ascertained to be due by her to George W. Meyers should be allowed him out of her share.

In the brief of counsel for the appellant the claim is made that George W. Meyers should be charged "a reasonable rental for the use of the property from the time of the divorce,"

but there is no allegation in the bill that George W. Meyers ousted the appellant, and there is no prayer in the bill for an accounting. The evidence shows that George W. Meyers continued to live in the property after the divorce, but in *Hogan* v. *McMahon, supra,* this Court said that the rule in Maryland is that "one tenant in common cannot be held liable to his cotenants for use and occupation, unless there has been an ouster of cotenants." In the case of *Israel* v. *Israel,* 30 Md. 124, the court quotes with approval the statement of BARON PARKE in *Henderson* v. *Eason,* 9 Eng. L. & E. 341: "If a dwelling house or room is solely occupied by one tenant in common without ousting the other, it would be most inequitable to hold that by the simple act of occupation or user, without any agreement, he should be held liable to pay a rent 'or anything in the nature of compensation to his cotenant for that occupation, to which, to the full extent to which he enjoyed, he had a perfect right," and in the case of *McLaughlin* v. *McLaughlin,* 80 Md. 116, JUDGE BRISCOE, speaking for the Court, said: "Tenants in common are jointly seised of the entire estate, and each has an equal right of entry and possession; the possession of one is the possession of all, an ouster will not be presumed from exclusive possession by one cotenant, but actual ouster must be proved." There is no evidence in this case of an actual ouster of the appellant, and the fact that George W. Meyers continued to live in the property mentioned does not render him liable for use and occupation.

It follows from what has been said that the decrees appealed from must be reversed, and cause remanded for further proceedings in accordance with this opinion.

> *Decrees reversed, George W. Meyers and the appellant each to pay one-half of the costs in this Court and in the court below, and case remanded for further proceedings in accordance with the opinion of this Court.*