# COMMERCE UNION BANK v. WEIS et al.—181 S. W. (2d), 764.

Middle Section.    March 18, 1944.

Petition for Certiorari denied by Supreme Court, June 10, 1944.

434

W. P. Cooper, of Nashville, for appellant.

J. G. Lackey, of Nashville, for appellees.

HICKERSON, J.   George F. Weis died testate on August 23, 1941.   Commerce Union Bank qualified as executor under his will on August 29, 1941.   Prior to the death of George F. Weis, he and his wife purchased a house and lot in Nashville, Tennessee, for the consideration of $5,750.   $650 of the purchase price was paid in cash by George F. Weis from his own personal funds.   The balance of the purchase price was paid by George F. Weis and his wife, Mai E. Weis, borrowing $5,100 from Union Company, Inc., of Nashville, Tennessee, the loan being represented by a note payable in monthly installments of

$33.66 each. George F. Weis and Mai E. Weis signed this note of $5,100, and to secure the note they executed a deed of trust on the house and lot which they had purchased dated May 1, 1938, and recorded in Book 1089, page 49, Register's Office of Davidson County, Tennessee. The deed to the house and lot was made to Mai E. Weis only. Union Trust Company, Inc., transferred this note of $5,100 by regular assignment to Lincoln National Life Insurance Company, and this insurance company was the lawful owner and holder of the note at the time George F. Weis and at the time the present suit was instituted.

A controversy arose between Mai E. Weis and the executor of her husband's estate in regard to the liabilities of these parties upon this note which was secured by the deed of trust upon the house and lot purchased and deeded to Mai E. Weis as aforesaid.

At the time of the death of George F. Weis there was a balance unpaid of $4,575.67 on the original note of $5,100. At the time the suit was tried and the decree entered in the Chancery Court Mrs. Mai E. Weis, the widow, had paid the sum of $828.78, principal and interest, on this note, since the death of her husband, which left a balance, at the time the decree was entered in the Chancery Court of $4,208.09.

The executor and the widow being unable to agree upon their respective rights and liabilities in regard to this note, the executor filed the present suit in which all the facts were set out and it prayed for instruction and direction by decree of the Court in the discharge of its duties; and also that the Court enter a decree adjudicating the rights and liabilities of the executor and the widow in regard to the note.

Mai E. Weis answered the bill and filed a cross bill in

which she sought affirmative relief in accordance with her contentions.

There is very little controversy about the facts. The widow contends that her husband, George F. Weis, was primarily liable on this note which was secured by a deed of trust on the home which they purchased and which was deeded to her; and that she was, in effect, a surety for her husband on this note. She, therefore, urges that the executor should be compelled to pay this note so that she may be relieved of all liability thereon, and the lien on her home be discharged.

The contention of the executor is fully expressed in the prayer of its bill which we quote:

"That this Court of Equity assume its full and complete inherent equitable jurisdiction over this controversy in order that full and complete justice be done; that said assets and securities be marshaled; that proper subrogation and contribution may be enforced so that full, adequate, and complete justice be done; that if said mortgage note should be paid, this Court declare an equitable lien on said land to secure any such payment; that said land be declared to be primarily liable for said debt, and first security therefor, and if this personal representative is required to pay said note from the personal assets of the estate, it may be put in the shoes of said note owner and holder as against said land, by full application of the appropriate equitable remedies.

"That in enforcement of said equitable lien or in order to enforce said rights of subrogation and contribution, and to marshal said assets and securities should this Court order the personal representative to pay said debt; then let said land be sold upon credits of six, twelve and eighteen months, and in bar of the equity of redemption."

The Chancellor held in favor of the contentions of the widow and decreed that the executor should pay the full balance due on this note at the time of the death of George F. Weis. From that decree the executor has appealed to this Court and assigned errors.

There are two determinative questions presented to us: First, what are the liabilities of the executor and the widow on the note in controversy; and, second, if the executor is compelled to pay any part or all of the note, will the executor be subrogated to the rights of the holder of the note and be entitled to foreclose the deed of trust on the widow's home which is held as security for the note and apply the proceeds of the sale to reimburse the executor for any amount which it might have to pay?

These questions will be determined in order.

After the husband paid the initial payment of $650 on the purchase price, he and his wife made the other monthly payments, until he died, out of a joint bank account which was made up of individual money belonging to the husband and to the wife in approximately equal amounts. Both of them worked and had about the same income and deposited all their money in a joint bank account. From this account they paid all their living expenses, including the payments on their place, until the husband died.

Both of them signed the note in controversy, and both of them executed the deed of trust to secure the note. Although title to the home was taken in the name of the wife, it was purchased as a home for the entire family, husband, wife and child, and used as such until the husband's death. There are reported cases in this State and in foreign jurisdictions where the facts are similar to the facts of the instant case with the exception that title to the mortgaged property was in husband and wife

as tenants by the entirety. That fact would be more unfavorable to the wife's contention, that the husband is primarily liable on this note, than the facts of the instant case. If the mortgaged land were held by husband and wife as tenants by the entirety the husband would own the land if his wife should predecease him. Here the title was in the wife and the husband had no interest therein, except a possible curtesy interest.

The Chancellor stated: "Under the pleadings and proof the Court is of the opinion that as between George F. Weis, deceased, and his wife, Mai E. Weis, the indebtedness remaining due at the date of his death on said note secured by said deed of trust was the primary obligation of the deceased, George F. Weis, and she is entitled to have said debt discharged by complainant in exoneration of the lien on the property owned by her."

We do not think the record supports this conclusion which the Chancellor reached. It is our opinion, and we hold, that George F. Weis and Mai E. Weis were comakers and joint obligors on the note in controversy and as such they were equally liable for the payment of the same. In effect, the note was for purchase money, executed by husband and wife, to pay for land the title to which was placed in the wife.

In Newson v. Shackleford, 163 Tenn., 358, 43 S. W. (2d), 384, 385, a similar question was presented where the husband and wife owned the realty as tenants by the entirety. The Court held:

"We find no authority to support the conclusion of the chancellor that the joint notes of the husband and wife as purchasers of the estate by entireties become, at death of one tenant, the primary obligation of the surviving tenant. Counsel have cited none. On the contrary, it was held in Magenheimer v. Councilman, 76 Ind. App., 583, 125 N. E.,

77, that the husband and wife were joint principals on a note executed by them for the purchase price of land conveyed to them as tenants by entireties; and that each was liable as principal for the whole debt, and the husband's administrator, having paid the note as a claim against the estate, was entitled to contribution from the wife as a joint obligor. See, also, Magee v. Milligan, 150 Ind., 582, 50 N. E., 564, 65 Am. St. Rep., 382; Tipton v. Ellsworth, 18 Idaho, 207, 109 P., 134, and Moore v. Cary, 138 Tenn. [332] 343, 197 S. W., 1093, L. R. A. 1918D, 963.

"The notes executed after the Married Woman's Act . . . removed the common-law disabilities of coverture were a joint obligation of the husband and wife equally binding on both and which the vendor could enforce against them by judgment and execution or by enforcement of his vendor's lien. Upon principles of equity, the joint obligor who discharged the debt could enforce contribution against the other who was equally bound. Rhea v. White, 3 Head, 121; Chambliss' Gibson's Suits in Chancery, section 966, and cases cited."

In 26 Am. Jur., 707, section 79, the rule is stated:

"Equal Liability; Right of Contribution; Accounting. —A presumption exists of the equal liability of husband and wife as principals in consequence of their joint execution of a mortgage on an estate purchased or held by them by the entireties, including liabilities on covenants for the payment of the purchase money or other debts thereby secured. The right of proportionate contribution exists, however, between them as joint and equal principals, and such right is assertible against the estate of the deceased spouse. Such right is superior to the rights of heirs of real estate of the deceased spouse to have mortgages thereon paid ratably out of the deceased spouse's personalty. Payments made on such a mort-

gage indebtedness by one spouse are to be regarded as gifts to the other to the extent to which they relieve the latter of an equality of contribution, and not as evidence of a purpose to place him or her in the position of a surety. The spouse to whom an estate by the entireties remains by right of survivorship, not taking by descent, has no right to exoneration of encumbrances thereon out of the personal property of the deceased spouse, and this applies to a purchase-money mortgage.''

In support of the text Cunningham v. Cunningham, 158 Md., 372, 148 A., 444, 447, 67 A. L. R. 1176, is cited wherein the Court said:

''It is contended, however, that, as between the plaintiff and her husband, she should be treated as surety, and he as principal, with respect to the loans secured by the mortgages, and that she has the right to have the mortgages first charged against the estate of the debtor primarily liable. The record does not sufficiently support that contention. While the payments on the purchase price and the mortgage indebtedness were all made by the husband, and the wife had no means of meeting the liability which they together assumed, yet the execution of the mortgages was for their joint benefit, and the presumption is that an equal responsibility was thereby incurred. Brady v. Brady, 110 Md. 656, 73 A., 567; Levin v. Sun Mortg. Co., 156 Md., 208, 144 A., 226. The payments made by the husband are to be regarded as gifts to his wife to the extent to which they relieved her of an equality of contribution (Meyers v. East End Loan & Sav. Ass'n., 139 Md., 607, 116 A., 453; Brell v. Brell, 143 Md., 443, 122 A., 635), and not as evidence of a purpose to place her in the position of a surety.

''There is no proof in the case rebutting the presumption of equal liability of the plaintiff and her husband

as principals in consequence of their joint execution of the mortgages in question, which include covenants for the payment of the debts thereby secured. As between joint and equal principals, the right of proportionate contribution exists (Brady v. Brady, supra); and that right is assertable against the estate of a deceased coprincipal.''

The husband's estate and Mai E. Weis are jointly liable on this note and must pay the same in equal proportion.

Is the executor entitled to be subrogated to the rights of the holder of this note when it pays one-half the note? We think not. There is nothing in the record to even indicate that the husband and wife intended that the lien on the real estate should be the primary source from which this note should be paid. It was simply a note given for borrowed money signed by the husband and wife; and the deed of trust was given to secure the note, for the benefit of the party making the loan.

In Gibson's Suits in Chancery, Fourth Edition, Section 966, it is said:

''Where two or more persons are bound by a common charge, not arising from a tort, and one of them pays more than his share of the common liabilities, he can compel the other or others to reimburse him. This rule of Equity is based on the broad principle that where one person has discharged more than his share of a debt or obligation which others are equally bound with him to discharge, the others ought in conscience to refund to him enough to reduce his burden to an equality with theirs. In a Court of Chancery equality is Equity.''

Since the title to the mortgaged real estate is in Mai E. Weis, if the executor upon payment of one-half of the note should be subrogated to the rights of the holder of the note, the effect would be that the wife would be com-

pelled to pay the entire note. That would not be equality. She should pay one-half of it and her husband's estate should pay one-half of it.

The insurance company, which holds the note that is secured by this deed of trust, declined to file a claim in the County Court against the estate of George F. Weis, being satisfied, evidently, to look only to Mai E. Weis and the security of its deed of trust for the payment of its note. More than one year has expired since the notice to creditors was given, so the claim on the note is barred in so far as the estate of George F. Weis is concerned. Bonham v. Bonham (Tenn.), 175 S. W. (2d), 328.

Since the claim on this note is barred against the estate of George F. Weis and the widow is liable to the holder of the note for the payment of the entire amount, we agree with the Chancellor that Mai E. Weis can maintain her cross action against the Executor for contribution and exoneration at the present time. Cockrill v. People's Savings Bank, 155 Tenn., 342, 293 S. W. 996.

The decree of the Chancery Court is modified. Let the decree provide that the estate of George F. Weis and Mai E. Weis shall pay the balance due on this note on the date of the death of George F. Weis in equal proportions. With this modification the decree of the Chancery Court is affirmed. Let the costs of the cause, including the costs of the appeal, be taxed against the executor and remand the cause to the Chancery Court for further proceedings.

Felts and Howell, JJ., concur.