Pauline Merritt CLEMMER, Individually and as Executrix of the Estate of Hubert Pylant Clemmer, Sr., Deceased; Hubert Pylant Clemmer, Jr.; William Nicholas Clemmer; and Grover C. Jewell, Plaintiffs-Appellees,

v.

FIRST AMERICAN BANK OF MILAN, Defendant-Appellant,

and

Hildegarde R. Clemmer, Defendant.

Court of Appeals of Tennessee, Western Section.

Feb. 19, 1982.

Petition to Rehear Denied on March 11, 1982.

Permission to Appeal Denied by Supreme Court May. 3, 1982.

John F. Kizer, Milan, for defendant-appellant.

Lloyd S. Adams, Jr. of Adams, Ryal & McLeary, Humboldt, for plaintiffs-appellees.

## OPINION

BROOKS McLEMORE, Special Judge.

This case involves the legal effect of the "Assignment of Trust Deed and Note" to a co-obligor on said note. The co-obligers are a wife and her deceased husband.

On October 1, 1974, Dr. Hubert Pylant Clemmer, Sr. and Pauline Merritt Clemmer,

his wife, executed a demand promissory note to the order of Dyersburg Production Credit Association (herein PCA) in the amount of $31,682.00. The record is silent as to the purpose of the loan. The note was secured by a deed of trust of even date conveying several tracts of real property, including the Clemmer home and what is referred to in the record as the "22.35 acre Barger tract." The deed of trust was filed for record on October 9, 1974.

Dr. Clemmer died testate on November 6, 1976, and was survived by his widow, the plaintiff, Pauline Merritt Clemmer, and two sons, Hubert Pylant Clemmer, Jr. and William Nicholas Clemmer. Dr. Clemmer's will, naming Mrs. Clemmer as Executrix, was duly admitted to probate. She qualified as Executrix and dissented from the will, leaving the two sons as his only devisees, subject to the interest of their mother, Mrs. Clemmer.

The personal estate was insolvent.

Dr. Clemmer owned two parcels of realty in fee. He owned a one-third undivided interest in a business lot in downtown Milan, on which were located two business buildings and which were identified as the Hirsch and Jewell buildings. He owned a one-half undivided interest in a parcel consisting of 22.35 acres, the Barger tract referred to above. The other one-half undivided interest in the Barger tract was owned with his wife as tenants by the entirety. All the remainder of his real estate, including his home, was owned jointly with his wife.

Farmers-Peoples Bank (now First American Bank of Milan) is a judgment creditor of Dr. Clemmer in the amount of $159,500.00; this judgment had been entered on February 16, 1977, and subsequently registered in the Register's Office and then filed as a claim against the estate.

PCA also filed a claim against the estate in the amount of the principal balance of its note ($25,463.88 plus interest of $4.5448 per day.)

By consent, this suit was brought to transfer the administration from the County Court to the Law and Equity Court. The Complaint prayed for a determination of the rights and interests of the parties to the Hirsch and Jewell buildings and in the Barger tract. It also sought to have the Hirsch and Jewell buildings sold with the application of the proceeds for the payment of expenses of administration, taxes, dower, and debts. The Bank counterclaimed for the Barger tract proceeds.

The Hirsch and Jewell buildings were sold by order of the Court for $67,900.00. The proceeds, including dower of $2,477.77, and Executrix fee of $5,000.00, were allocated as prayed in the Complaint.

On May 18, 1978, Mrs. Clemmer paid PCA $27,910.03, the entire amount owed, and PCA assigned its trust deed and note to Mrs. Clemmer.

The 22.35 acre Barger tract was partitioned in kind, by agreement of all the parties. The north 11+ acres were assigned to the Estate, subject to the claims of creditors, etc. The issue on appeal is the disposition of the proceeds of the sale of the north 11+ acres portion of the Barger tract. The proceeds of the sale amounted to $30,172.50.

The Trial Court awarded Mrs. Clemmer all of the proceeds "to be credited to interest and principal due on the PCA note claim assigned to Mrs. Clemmer."

Farmers-Peoples Bank (now First American Bank) has appealed and presents three issues: (1) What are the liabilities of the Executrix and the widow on the note executed by Hubert Pylant Clemmer and wife Pauline Merritt Clemmer to the PCA; (2) If the widow pays any part or all of the said note individually, and takes an assignment of the note and deed of trust to herself, to what extent, if any, is the assignment effective, and what rights, if any does the widow acquire against a judgment lien creditor; and (3) Is the widow entitled to homestead and dower in the Barger tract.

The Appellees present an additional issue as to whether a fee should be allowed the

attorneys for the Estate, to be paid from the assets of the Estate, for services rendered the Estate on this appeal.

■ The note to PCA dated October 1, 1974, in the principal amount of $31,682.00 is exhibited in the record and was signed by H.P. Clemmer, M.D., and Pauline Clemmer. This being the case and there being no proof to the contrary, they were equally liable for the payment of the same. *Commerce Union Bank v. Weis,* 27 Tenn.App. 433, 181 S.W.2d 764 (Tenn.App.M.S.1944) *cert. denied, id.* (Tenn.1944).

Mrs. Clemmer insists that since she purchased the note from PCA, as distinguished from paying off the note, that she stands in the shoes of PCA and that as a result she is entitled to be compensated out of the sale of the estate's portion of the Barger tract to the full extent of the amount she paid PCA for the note.

If she is correct in her contention then the entire debt jointly owed by Dr. Clemmer and Mrs. Clemmer will factually have been discharged out of the assets of Dr. Clemmer's estate.

■ Equity will not permit such a result. We are of the opinion that the effect of the assignment of the trust deed by PCA to Mrs. Clemmer upon her paying the entire balance due was to place her in PCA's shoes with respect to one-half of the debt since she was entitled to contribution from Dr. Clemmer's estate to that extent. The other one-half belongs to the estate. Our reasoning is based upon the following quotation from Gibson's Suits in Chancery cited with approval in *Commerce Union Bank v. Weis,* 24 Tenn.App. at 441, 181 S.W.2d at 767.

> Where two or more persons are bound by a common charge not arising from a tort, and one of them pays more than his share of the common liabilities, he can compel the other or others to reimburse him. This rule of Equity is based on the broad principle that where one person has discharged more than his share of a debt or obligation which others are equally bound with him to discharge, the others ought in conscience to refund to him enough to reduce his burden to an equality with theirs. In a Court of Chancery equity is Equity.

Having held that she is entitled to a position as preferred creditor to one-half of the amount paid to PCA by virtue of her having been assigned the trust deed and note owned by PCA, i.e., her rights are bottomed on the rights accrued to her by virtue of the PCA assignment, we are of the opinion that her rights to dower rise no higher than the rights that she would have against PCA. Dower was waived in the PCA trust deed and she is therefore not entitled to same.

Thus, we hold that: (1) Mrs. Clemmer was jointly and severally liable on the PCA note with the right to contribution from her Co-Obligor; (2) Mrs. Clemmer is entitled to be reimbursed from the estate of Dr. Clemmer for one-half of the proceeds of the sale of the north portion of the Barger tract by virtue of the assignment of the PCA note and trust deed; and (3) Mrs. Clemmer is not entitled to dower in the north portion of the Barger tract since her rights to dower were waived in the trust deed to PCA and she takes the PCA instruments by assignment with all their conditions.

Additionally, we hold that the attorneys for the estate are entitled to a fee for services rendered on appeal. This fee will be fixed by the Trial Court on remand.

The Judgment of the Trial Court is modified where inconsistent with this opinion and the case is remanded to the Trial Court for further appropriate proceedings.

NEARN and SUMMERS, JJ., concur.