## McNew et al. v. Vert.

[No. 6,322.   Filed January 13, 1909.]

1. APPEAL.—*Joint Assignments of Error.—Several Rulings.—Husband and Wife.*—A joint assignment of errors, on appeal, by a husband and wife, is sufficient, though the motions, and exceptions to the rulings thereon, were several.   p. 84.

2. DEEDS.—*Construction.—Intent.*—The purpose of construing a deed is to ascertain the intent, which is to be arrived at from the language used, and by considering all of the circumstances connected therewith.   p. 86.

3. DEEDS.—*Estates Created.—Trusts.—Powers.—Sales.*—A deed by which the grantor "conveys * * * [to a trustee] in trust * * * for the support of the grantor, giving to the grantee herein full power to sell and dispose of the same, or so much thereof as, in his judgment, may be necessary to carry out the same, * * * giving him full power to sell and convey the same by deed, * * * to carry out the purposes," remainder over after payment of such trustee, gives the grantee a power coupled with an interest, and he may convey such land, after the death of the grantor, to pay debts incurred for her care and support, as well as for the payment of the expenses of the trust.   p. 86.

4. DEEDS.—*Trustees.—Good Faith.—Remaindermen.*—A trustee in a deed of trust, having the duty to care for the grantor and to pay over any balance to a remainderman, is a trustee for both parties, and must exercise good faith towards both.   p. 88.

From Tipton Circuit Court; *J. F. Elliott*, Judge.

Suit by Anna Rebecca Vert against Dora McNew and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*Oglebay & Oglebay*, for appellants.

*Frederick R. Bonifield* and *Theophilus J. Moll*, for appellee.

RABB, J.—This suit was brought by the appellee to quiet her title in and to a certain ten-acre tract of land in Tipton county. Appellant May McNew was admitted as a party defendant on her petition, and filed a cross-complaint seeking to quiet title in her for the same premises. Issues were formed, a trial had, special findings rendered, and conclusions of law stated thereon. Exceptions were severally reserved by each appellant to each conclusion of law stated. Appellant separately moved for a new trial, which motion was overruled, and a decree was entered on the special findings in favor of the appellee. Appellants join in the assignment of errors in this court, and the errors assigned and relied upon for a reversal are that the court erred in its conclusions of law upon the facts.

The point is made by appellee that the exceptions to the conclusions of law stated by the court being several, and appellants' motion for a new trial being several, the joint assignment of errors here presents no question in this court. The pleadings and the special findings disclose that appellants are husband and wife, hence the rule invoked by the appellee has no application. *Stewart* v. *Babbs* (1889), 120 Ind. 568; *Magel* v. *Milligan* (1898), 150 Ind. 582.

The appellee claims title to the premises in dispute under a trust deed executed by Anna S. Price to Philander F. Scudder. Appellant May McNew claims title under a deed executed to her by Scudder, the trustee, subsequently to the death of Anna S. Price, the grantor in the trust deed, and

the decision of the case turns on the proper construction to be given the trust deed. The terms of this deed, so far as they are necessary to a decision of the question involved, are as follows:

"This indenture witnesseth, that Anna S. Price, unmarried, and over twenty-one years of age, * * * conveys and warrants to Philander F. Scudder, * * * in trust, subject to and for the payment of two mortgages heretofore executed by the grantor and payable to the common school fund and William R. Oglebay, respectively, and for the support of the grantor, giving to the grantee herein full power to sell and dispose of the same, or so much thereof as, in his judgment, may be necessary to carry out the same, or to renew the mortgages thereon, giving him full power to sell and convey the same by deed, or to renew by mortgage, to carry out the purposes, and at the death of said Anna S. Price if any of said real estate, or the proceeds thereof, remain, then, after deducting reasonable compensation for the grantee herein, the remainder to go to, and become the property of, Anna Rebecca Nifong."

The appellee is the same person named in the deed as Anna Rebecca Nifong, she having subsequently intermarried with one Vert.

The court found, among other things, that there was still due to the trustee for his services, at the time of the death of said Anna S. Price, the sum of $200, no part of which had been paid. There is also a finding that there was due to the appellants, at the time of the death of the grantor, the sum of $80, for services rendered in taking care of her in her last illness. The land was sold by the trustee, and conveyed to the appellant May McNew, subsequently to the death of Anna S. Price, to pay the $200 due to said trustee as compensation, to pay appellants the sum due them for taking care of said Anna S. Price during her last sickness, and to pay the $70 funeral expenses of said Anna S. Price, which were paid by the trustee.

Appellee contends that the deed of Anna S. Price conveyed the remainder in fee in said land to her, subject only

to be divested by a sale by the trustee during the life of the grantor, for the purpose of carrying out the trust created by the deed, but that upon the death of the grantor the contingency by which her title might be divested was extinguished, and she became the absolute and unconditional owner of the fee simple estate in the land, and the trustee's power to sell, conveyed by the deed, expired, and his deed for the premises subsequently made to appellant May McNew, was consequently void.

Appellants contend that the deed of Anna S. Price conferred a power on the trustee to sell the entire estate and title in the premises for the certain named purposes, and that the deed coupled this power with an interest, to wit, the title, which he was thus empowered to sell, and that the power to sell being thus coupled with an interest it was not revoked by the death of the grantor, but might still be exercised by him for the purposes of carrying out the trust.

In the construction of any instrument the purpose and intention of the parties making the contract must control. That purpose and intent is to be arrived at from the terms used in the instrument, if it is plain and unambiguous; otherwise it may be arrived at by considering the circumstances under which the instrument was executed. In determining the effect that is to be given to the deed of Anna S. Price, it is important that the court should determine the purpose and intention of the maker in its execution.

It seems entirely clear from its terms that the main purpose of Anna S. Price in the execution of this deed was to dedicate the land conveyed thereby to her support and maintenance. She very evidently designed that the entire title and estate in the land, if necessary, should be used by the trustee in her support. It was not her purpose to convey to the appellee the absolute fee-simple estate in the land, reserving to herself and her trustee but an estate therein for life, to be applied by the trustee to her

support.  It was manifestly not the grantor's intention that the appellee should have any interest or estate either in the land or its proceeds, except what remained after her support and the reasonable compensation to the trustee for his services had been taken out.  The trust created by the deed fully empowered the trustee to incur whatever expense was necessary for the comfortable support and maintenance of the grantor, and it was the purpose and intention that whatever expenses were incident to her care and support should be charged upon the land, and the absolute title to the land was placed in the hands of the trustee to sell for the purpose of defraying these expenses, including also his compensation for his services as such trustee.  The power to sell the land for this purpose was coupled with the estate and interest which the deed conveyed to him, and whether the power to sell was exercised before the expense was incurred, or after it was incurred, could make no difference; it was the intention that the land should pay these expenses.  The power which the trustee had thus invested in him to sell the land for the purpose of the trust, being coupled with the absolute title to the premises, it followed that the death of the grantor did not destroy the power created.  *Jeffersonville Assn.* v. *Fisher* (1856), 7 Ind. 699; *Rowe* v. *Beckett* (1868), 30 Ind. 154, 95 Am. Dec. 676; *Rowe* v. *Lewis* (1868), 30 Ind. 163; *Hawley* v. *Smith* (1873), 45 Ind. 183.

The court having found that there was $200 due to the trustee for his services, and the deed very evidently contemplating that these services should be paid for from the proceeds of the land, and investing the trustee with the power to sell the land, and with the title to the land, it follows that the sale made by the trustee after the death of Anna S. Price was not void.  The case in this respect is not dissimilar in principle from that of a deed made by a debtor to a trustee for the benefit of his creditors, wherein the trustee is authorized to sell the land and pay the debts.  The death of the grantor would clearly have no effect upon the power of

the trustee to act.    The land was set apart by the deed to the payment of the debts, and the creditors had the right to have it so applied.    In this case the land was set apart by a deed and dedicated by the grantor to the payment, among other things, of the compensation of the trustee, and until that compensation was paid the trust was not fulfilled.

The special findings disclose that the land was sold by the trustee for an express consideration of $800, but that the real consideration was the payment of $200 to the trustee as compensation for his services, of $70 for funeral expenses paid by said trustee for Anna S. Price, and for the services of the appellants in caring for the deceased during her last sickness, which the court found were of the value of $80.

While the trustee was invested with power to sell the land to pay his compensation and the expenses incident to the support of the grantor, he was bound to exercise perfectly good faith toward the appellee in respect to the sale. The deed creating the trust makes him the trustee not only for Anna S. Price but for the appellee, and in selling the land he was bound to exercise that power in the interest of appellee.    The fact that, in fixing the consideration for the land, he allowed the appellants, as compensation for caring for the deceased, a sum grossly in excess of what was justly due them, raises a strong inference of bad faith on his part. The question of the *bona fides* of the sale made to the appellants seems not to have been involved in the controversy.

The judgment of the court below is reversed, and we think the ends of justice will be subserved by directing a new trial.