ABAIR (FORMERLY EVERLY) *v.* EVERLY

[No. 19,185. Filed October 19, 1959. Rehearing denied January 6, 1960.]

*Stevens & Wampler,* of Plymouth, for appellant.

*Don F. Kitch,* of Plymouth, for appellee.

KELLEY, J.—By judicial decree of December 11, 1956, the appellee was granted an absolute divorce from the appellant. The custody of the two infant children of the parties was given to appellant with order against appellee for their support. Subsequent to the said decree, the parties have married again and at the time of the hearing here involved were living with their respective spouses. The appellee lived in Plymouth, Indiana, and the appellant lived about three miles from Plymouth.

On December 9, 1957, appellee filed his petition praying for modification of said decree and that the custody

of said children "be placed" in him. As the grounds for said prayed for modification, said petition alleged:

"That it has lately come to the knowledge of this defendant (appellee) that the "plaintiff (appellant) who is now married to one Boyd Abair desires to remove said children from the State of Indiana, and take them to the State of Michigan near Dowagiac.

"That said children have expressed a desire to stay with and be cared for by this defendant and his present wife."

Said petition further alleged that if said children were permitted to be removed from the jurisdiction of the court appellee's "visitation rights will be curtailed."

On the same day, December 9, 1957, appellant filed her petition "for permission to remove children to Dowagiac, Michigan." Said petition alleged, in material substance, that by reason of the insufficiency of the average wage of her husband to meet the needs of the family, he obtained employment in Dowagiac, Michigan which will result in a substantial increase in his income; that it would be to the best interests of the two minor children if she be permitted to remove said children to Dowagiac, Michigan where she and her husband propose to establish a home for said children; that she believes a fair and satisfactory visitation program for appellee could be worked out. Said petition prayed for authorization to remove said children to said Dowagiac, a distance of approximately forty-nine miles from Plymouth, and for provision of visitation privileges of appellee.

The court heard evidence on said petitions on December 16, 1957, and thereafter on December 18, 1957, the court found:

". . . The court . . . finds for the defendant; that he is a person fit and is entitled to have the

custody of the children. The prayer of the petition of the plaintiff for permission to remove said children out of the jurisdiction of the court is . . . denied."

The court then entered its order that the divorce decree be modified "so as to award the custody of said (children) to the defendant," and, "that said Clarence Everly retain custody of said children until further order of the court." It further prohibited the taking of said children from the State of Indiana and provided visitation hours and times for appellant.

Appellant filed her motion for a new trial specifying the insufficiency of the evidence to sustain said decision and that the same is contrary to law, which was overruled by the court. Such action of the court is assigned as error.

Appellant has duly filed her brief herein, but appellee makes no appearance and has filed no brief. It follows that we are only required to determine whether appellant has made a prima facie showing of error. If so, we may reverse. *Whitaker* v. *Whitaker* (1958), 128 Ind. App. 247, 248, 147 N. E. 2d 596; *Newton d/b/a, etc.* v. *Hunt d/b/a, etc.* (1957), 127 Ind. App. 456, 142 N. E. 2d 643; *Wertzberger, Admr., etc.* v. *Herd et al.* (1957), 128 Ind. App. 85, 88, 146 N. E. 2d 115.

Appellant makes no objection to the finding and order of the court denying her permission to remove the children to Dowagiac, Michigan. The contention of appellant is that the trial court abused its discretion in modifying the divorce decree and changing the custody of the children. This contention is predicated upon appellant's assertion that (1) appellee's petition for modification does not aver a change in conditions of such character as to make it necessary that the care and

custody of the children be changed; (2) the evidence "indisputably" shows no change of conditions of a decisive character occurring between the divorce decree on December 11, 1956 and the decree herein involved entered December 18, 1957; and (3) the court made no finding of any decisive change of conditions between the aforesaid dates warranting a change of care and custody of the children.

In neither of the aforesaid petitions is there an averment of a change in conditions since the original decree of December 11, 1956, of such decisive character as to make it necessary to change the custody of said children. Appellee's petition alleged only that the appellant *desires* to remove the children to Dowagiac, Michigan and that the children have "expressed" a desire to stay with him. One of said children was four and a half years old and the other, two and a half. The fact that they may have "expressed" a desire to be with appellee, as alleged, certainly would not constitute a change of condition warranting a change of their custody. The facts alleged in appellant's petition placed before the court for determination whether it was for the best interests of the children to permit their removal from Indiana to Dowagiac, Michigan. The court determined adversely to said petition and no complaint is made of such determination. No issue of the fitness, either moral or physical, of either party was made an issue before the court by said petitions.

Except for the testimony of a fifteen-year-old niece of appellant that appellee and his wife used profane language in the presence of said children, that they were drinking beer and whiskey, and that appellee gave beer to the two children, all of which was denied by the appellee and his wife, there was no evidence bearing

on the morals, character or fitness of either party or the environment of the children. Appellee testified that appellant "has made an excellent mother to these children." There is evidence that the children were always well treated and that both parties have modern homes for the children. The evidence was almost wholly confined to appellee's desire for the custody of the children, his average weekly income, that the children would be sent to Sunday School and Church, that one of the children cried to be with him, that appellant told him she wanted to remove the children to Dowagiac, that he would have to buy a car in order to see and get the children at Dowagiac, that his wife would take care of the children if the custody was changed, that appellant's husband would have to move to Dowagiac to be at his work there, that he had purchased a home there on contract but the down payment had not been made on it, that if permission be granted to move the children to Dowagiac, they would be provided with a good and wholesome home there. There was no evidence, or inferences, that the requirement that appellant's husband must work in Dowagiac, Michigan and that he had contracted for a house there, had made, or would make any change in the environment and welfare of the children or the existing home conditions then maintained by appellant.

It is very clear that no vital change in conditions was averred in either petition, nor was such vital change of conditions shown by the evidence. And the court did not find any vital change of conditions. The finding that the appellee "is a person fit" is not responsive to the issues made by the petitions or the evidence adduced in support thereof. There is no allegation in the petitions and no evidence to show that appellee was any more "fit" at the time of hearing on December 16,

1957, than he was on December 11, 1956, when the court, by the divorce decree, gave the custody of the children to appellant.

In *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 274, 102 N. E. 2d 499, the court said:

> "The cause relied upon in this petition to justify the modification of the decree must be that since the last order there has been a change in conditions of such a decisive character as to make it necessary for the welfare and happiness of the child that the requested change in care and custody be made. If such vital change in conditions *is not averred* and *not shown by the evidence* and *found by the court,* no change in care and custody can be made." (Our emphasis.)

The court further said, apropos here:

> "When the divorce case was tried it was a duty of the trial court by proper judgment to fix the status of the child of the parties, prescribing the details of its custody. *This part of the judgment is made for the child's benefit and it (the child) is entitled to have the order specifically executed. . . .*
>
> "When, as in this case, the care and custody of the child are fixed in the divorce decree rendered, *the decree is binding upon the parties and the courts* until it is set aside or modified *for cause shown* in a subsequent or supplemental proceeding in the same cause. . . ." (Our emphasis.)

The record here reflects the same deficiency as was found by the court in the Adams v. Purtlebaugh case, *supra*. What the court there pointed out on page 273 may be adapted here, with necessary changes, namely: No *finding or judgment* was made as to whether there had been any change in conditions with respect to the children or the parties since the original judgment was entered on December 11, 1956. The court

seems to have treated the matter with respect to the care and custody of the children as though it was before him as in the original trial of the divorce case. Without the evidence heard in that case, this was error.

We think appellant has shown error for which the order and judgment appealed from must be reversed, in part.

That part of the order and judgment herein appealed from which decreed a change in the care and custody of the affected children is reversed with instructions to enter judgment denying appellee's petition for change of custody, and for such costs against appellee as accrued on his said petition and the hearing thereon. That part of the judgment denying the petition of appellant for permission to remove the children from the State of Indiana remains unaffected by this appeal and in full force and effect.

NOTE.—Reported in 163 N. E. 2d 34.