JOCK ET AL. *v.* RUTH WORAK; JOCK ET AL. *v.* LEWIS WORAK

[No. 19,188. Filed September 20, 1960.]

*James K. Northam,* of Indianapolis, for appellant.

KELLEY, J.—These actions were consolidated for trial in the trial court. Appellees instituted their respective actions against appellants, seeking recovery on promissory notes executed by appellants, together with attorney fees and costs. The appellants answered appellees' complaints under the rules and, affirmatively, that appellees were, respectively, the payees named in the

notes and were not holders thereof in due course, and that there was a want or failure of consideration for said notes other than the sum of $125.00 due appellees for the purchase from them by appellants of certain corporate stock. The trial court found for appellees and entered judgment that they recover of appellants the sum of $11,875.00 and $1200.00 attorney fees, with costs.

Appellants assign as error that the decision of the court is contrary to law and is not sustained by sufficient evidence. Appellees have made no appearance herein nor have they filed any brief in support of the finding and judgment appealed from. It follows that we are required to observe only whether appellants have demonstrated prima facie error warranting a reversal of said judgment. *Abair* v. *Everly* (1959), 130 Ind. App. 192, 163 N. E. 2d 34, and cases cited.

The only evidence given at the trial consisted of a stipulation by the parties and oral testimony of appellant, Paul F. Jock. Appellants concede that they are obligated to appellees on said notes in the amount of $125.00 but they contend that there was a pro tanto failure of all other consideration for said notes in that the same were executed and delivered by appellants as an accommodation arrangement with appellees, predicated on the successful result of an effort to "salvage" the financial interests of appellants and appellees in a dishwashing machine production project in which they had engaged and which had failed with consequent financial destitution of three corporations utilized in the project. The whole project failed. Appellants' brief clearly demonstrates that the decision appealed from is contrary to law.

As the only evidence given in the cause was by stipu-

lation on behalf of appellees, and said stipulation and oral testimony of Paul F. Jock on the part of appellants, and there appears no material dispute therefrom, the record establishes that a new trial of this action is unnecessary. Therefore, the trial court is instructed to set aside and vacate its judgment herein appealed from and to enter judgment for appellees and against appellants in the consolidated action in the amount of $125.00 and costs, together with a reasonable fee for appellees' attorney.

Bierly, C. J., Gonas and Smith, JJ., concur.

NOTE.—Reported in 169 N. E. 2d 128.