EDWARD SAMUEL LOEB *v.* MILLICENT R. LOEB.

[No. 1267S145. Filed April 3, 1969. Rehearing denied October 29, 1969.]

Louis Pearlman, Jr., of Lafayette, for appellant.

Thomas W. Munger, George E. Weigle, of Lafayette, for appellee.

JACKSON, J.—This is in effect an appeal from an interlocutory order for support entered by the above entitled court in this cause. It appears that on August 25, 1966, on petition of plaintiff-appellee an order was entered granting her suit and support money, care and custody of the minor children of the parties, providing for visitation of the children by appellant, the sum of $100.00 per week support for plaintiff-appellee, the right of occupancy of certain described property and ordering appellant to pay certain designated bills, all pendente lite.

Thereafter, on May 31, 1967, plaintiff-appellee filed in said court a petition for an increase of support order for additional funds by way of lump sum allowance, for funds to send the children to summer camps and for an order requiring the defendant-appellant to pay the bills. Hearing on the motion was set for June 19, 1967; as such petition requires ten pages of record we omit the same.

On June 13, 1967, appellant-defendant filed his motion to strike out certain allegations set forth in plaintiff-appellee's petition. Content of the motion is omitted, as without the petition for increase in allowance, the motion is unintelligible. Hearing was had on appellant-defendant's motion to strike, the same was denied and then hearing was had on appellee-plaintiff's petition for increase in support order. Final evidence and argument of counsel on said petition was completed on October 17, 1967, and the court took the matter under advisement.

Thereafter, on November 17, 1967, the court found for the petitioner on her petition and modified the order of August 25, 1966, appearing in Order Book No. 134, at page 119, of the records of the court as follows, to-wit:

"The Defendant shall and he is hereby ordered to pay to the Clerk of this Court on Friday, the 24th day of November, 1967, the sum of Two Hundred ($200.00) Dollars for the support and maintenance of the Plaintiff and the minor children of the parties, and to pay to said Clerk for such purpose a like sum of $200.00 on each succeeding Friday thereafter until the further order of the Court.

It is further ordered that the Plaintiff shall continue to have the right to use and occupy the premises known as 2170 Tecumseh Park Lane, West Lafayette, Indiana, for the residence of herself and the minor children, Pendente Lite. And the Defendant shall pay all mortgage payments, taxes, insurance payments and utility bills excepting telephone service, and shall pay all reasonable costs of maintenance and repair in connection with the occupancy of said premises as a residence for said Plaintiff and minor children.

And the Defendant is further ordered and directed to furnish and install within thirty days from this date in the kitchen of the premises at 2170 Tecumseh Park Lane, West Lafayette, Indiana, occupied by Plaintiff and said minor children, a tile floor of the color and design acceptable to plaintiff and of a like quality to the tile originally installed in said kitchen.

The Defendant and Cross-Complainant is further ordered and directed to furnish all medical, dental and hospital care required by Petitioner and the childen of the parties or any of them.

The Defendant and Cross-Complainant is further ordered to pay to Plaintiff and to accept her receipt therefor within fifteen (15) days from this date, the sum of Five Thousand ($5000.00) Dollars; and the plaintiff is directed to pay out of such fund all existing indebtedness and to furnish to the Court within thirty (30) days after receipt of such money a list evidencing payment of such obligations; at which time the Court shall order disposition of any balance remaining of said fund. The Court further orders that to the extent that same maybe necessary for the raising of such lump sum by the defendant, the Clerk

may release to the defendant for the purpose of pledging same as security for the obtaining of such funds, the shares of stock of Purdue National Bank, provided, however, that such shares may not be sold for such purpose."

It is from this order that this appeal stems. The appellant's assignment of errors, omitting heading, formal parts and signature, in pertinent part reads as follows:

1. That the court erred in denying appellant's Motion to Strike Certain Allegations in appellee's Petition for Increase of Support.

2. That the court erred in granting appellee's Petition for Increase of Support Order and thereby modifying the pendente lite Support Order of August 25, 1966.

3. That the decision of the court in entering the Order of November 17, 1967, modifying the order of August 25, 1966, is not sustained by sufficient evidence.

4. That the decision of the court in entering the Order of November 17, 1967, modifying the Order of August 25, 1966, is contrary to law.

5. That the court erred in the admission of evidence as follows:

(a) In admitting a Dun and Bradstreet report of appellant's employer. (Plaintiff's-Appellee's Exhibit 16).

(b) In admitting Plaintiff's-Appellee's Exhibits 29, 30 and 31.

(c) In admitting the testimony of Leona Cohen.

(d) In admitting the testimony of William Godby.

6. That the court erred in admitting all testimony concerning matters prior to August 25, 1966, and thereby not limiting testimony to matters constituting change in circumstances.

7. That the court erred in basing the Support Order upon a prospective bonus to be received by appellant in March of 1968.

8. That the court erred in deciding upon insufficient evidence that the appellant would receive a bonus in March of 1968."

On May 16, 1968, appellee filed a motion entitled Motion to Dismiss Appeal or to Affirm Order. While we do not regard the proceedings herein as a model to be followed, we are of the opinion there has been a sufficient compliance with the statute and with the rules of this Court to permit the denial of the motion to dismiss and to consider the appeal on the merits.

We deem it unnecessary to go into detail as to a summary of the evidence most favorable to the appellee, *i.e.*, the worth of the appellant, his income, etc. for the reason that while we are mindful of the well established rule, that this Court will not disturb the order of the trial court unless it clearly appears that there has been an abuse of discretion in making the order, it is equally true that this judicial discretion is subject to review on appeal.

In the case at bar we are of the opinion a clear abuse of discretion by unfair and arbitrary action has been shown. The pendente lite allowance for support of plaintiff and two minor children was, on motion of appellee, doubled. Plaintiff continued in the right to use and occupy the premises known as 2170 Tecumseh Park Lane, West Lafayette, Indiana, for the residence of herself and the minor children, and the defendant required to pay all mortgage payments, taxes, insurance payments and utility bills excepting telephone service, and to pay all reasonable costs of maintenance and repair in connection with the occupancy of said premises as a residence for said plaintiff and minor children. Defendant was further ordered and directed to furnish and install, within thirty days from the date of the order (November 17, 1967), in the kitchen of such premises a tile floor of the color and design acceptable to plaintiff and of a like quality to the tile originally installed in said kitchen. The defendant was further ordered to furnish all medical, dental and hospital care required by the petitioner and the children of the parties or any of them. The defendant was further ordered to pay

the plaintiff within fifteen (15) days from date the sum of $5,000.00, etc. (See modified order, *supra*.)

The evidence adduced in support of the order as modified was, so far as disclosed by the record, primarily a rehash of the hearing previously held prior to the granting of the original allowance and order of August 25, 1966, without any showing of a change in the circumstances of the parties. It appears from the record herein that appellant has an income of approximately $25,000.00 per annum, his annual living expenses amount to $17,395.00, he is the owner of approximately 4% of the stock of a family owned and successful merchandising corporation, the present value of which was not proven, that he is the owner of certain bank stocks valued at approximately $15,000.00, he or he and his wife jointly (the record here does not disclose which way the title is held) own a nice home on two acres of ground valued at from $50,000.00 to $75,000.00 which is encumbered by a mortgage of from $30,000.00 to $35,000.00, and appellant is indebted to others in addition to the mortgage loan on the real estate to the extent of approximately $25,800.00.

The allowance awarded by the modified order, in view of the attendant circumstances and the failure of the trial court to limit the testimony to changes in the circumstances of the parties, if any, since the allowance of the original order of August 25, 1966, in our opinion constitutes such an abuse of discretion as requires a reversal of the amended order, absent a showing of fraud on the part the defendant in concealing assets at the time of the hearing on the first allowance Pendente Lite.

The cause is reversed and remanded with instructions to grant a new trial on the petition to modify the order of August 25, 1966, or if the issues are made up or can be made up promptly a trial on the merits where all the issues can be determined and this litigation be brought to a conclusion.

DeBruler, C.J., and Arterburn, J., concur in result; Givan, J., dissents with opinion in which Hunter, J., concurs.

## DISSENTING OPINION

GIVAN, J.—I dissent from the majority opinion for the following reasons:

1. The opinion of the Court appears to be based entirely upon the proposition that evidence was erroneously admitted concerning conditions prior to August 25, 1966, the same being the date of a prior order for custody and support. It is apparently the majority opinion's position that it was reversible error for the trial court to hear any evidence other than evidence of a change in the condition subsequent to August 25, 1966. However, the opinion does not cite any authority for this position. In fact, the opinion is completely devoid of authority of any sort, either cases or statute. There is case law in Indiana that where no vital change in condition was averred in the petition nor shown in the evidence on a petition to modify it would be improper for the trial court to enter a judgment changing custody or increase support payments. See *Abair v. Everly* (1959), 130 Ind. App. 192, 163 N. E. 2d 34. However, the entire group of cases setting forth this well-known proposition of law are confined to the modification of final divorce decrees, whereas the question in the case at bar is concerned with an interlocutory appeal from an order pendente lite. It has been specifically held by this Court that orders pendente lite made under the provisions of Burns' 3-1216 do not dispose of the cause. They leave the question of custody and support for final determination in the decree of divorce. They are clearly interlocutory. *Haag v. Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243.

2. The appellant's brief although mentioning the point upon which the majority opinion decides the case, cites absolutely no authority for its proposition. This in itself is a violation of Rule 2-17 of the Rules of this Court. The appellant does not even make a philosophic argument on his contention that the change of condition rule should be applied in this case. In fact, there is nothing in the brief by which the appellant

draws any distinction between the two situations of a final decree as against the decree pendente lite.

3. The only proposition in appellant's brief which is supported by the citation of authority begins in his brief at page 99 and is directed to the general proposition that the trial court abused its discretion in entering the amended order for support pendente lite, and even in the cases cited by the appellant it is clearly stated that the discretion of the trial court will be interfered with only when a clear abuse is shown. However, in the review of the evidence which follows his general citation of authority, I find no evidence which would indicate that the trial court was unfair or arbitrary in its action to the extent that this Court would be justified in holding that there was an abuse of discretion.

The trial court should, therefore, be affirmed.

Hunter, J., concurs.

NOTE.—Reported in 245 N. E. 2d 831.