Barbara Ann MEEHAN,
Petitioner-Appellant,

v.

William D. MEEHAN,
Respondent-Appellee.

No. 1–580A118.

Court of Appeals of Indiana,
First District.

Feb. 3, 1981.

Rehearing Denied March 24, 1981.

William L. McClellan, Greencastle, for petitioner-appellant.

J. D. Calbert, Greencastle, for respondent-appellee.

NEAL, Presiding Judge.

### STATEMENT OF THE CASE

Barbara Ann Meehan appeals the judgment of the Putnam Circuit Court granting William D. Meehan's petition for modification of a child support order.

We reverse.

### STATEMENT OF THE FACTS

Among the policies and purposes of the Dissolution of Marriage Act, Ind.Code 31–

1–11.5–1 *et seq.*, is the policy and purpose of promoting the amicable settlement of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage by providing that the parties may agree in writing to provisions for the maintenance of either or both of them, for the disposition of any property owned by either of them, and for the custody and support of their children. Ind.Code 31–1–11.5–1 (Supp. 1980); Ind.Code 31–1–11.5–10. In the case at bar the parties submitted the following agreement to the trial court:

### "PROPERTY SETTLEMENT AGREEMENT

WHEREAS, the above-named parties have heretofore filed a cause for dissolution of the marriage of such parties in the Putnam Circuit Court and it being the mutual desire of the parties to resolve property rights, it is Covenanted and Agreed as follows:

1. That the parties shall each have their personal effects and that the same have been taken by each party into his or her possession and there remain no items of personal effects to be divided.

2. That Petitioner shall have as her absolute property all household goods, wares and appliances to make a home for the minor, dependent children of the parties.

3. That Petitioner shall have the legal care and custody of the four (4) unemancipated children: CARLIA CHRISTINE, age 18 years, JENNIFER RUTH, age 15 years, PATRICK JAMES, age 13 years, and MEGAN KATHLEEN, age 11 years, subject to rights of visitation to the Respondent at all reasonable and proper times.

4. That Respondent shall pay through the office of the Clerk of the Putnam Circuit Court the sum of $500.00 a month for the care and keep of said children, which sum shall be payable until Megan Kathleen has completed her high school education or is emancipated.

5. That Respondent shall be liable for the higher educational costs of each of the aforesaid children for college and living expenses which amount to more than $100.00 each per month. If the said Megan Kathleen is enrolled in an accredited college after the termination of Respondent's liability for the $500.00 monthly support payment, Respondent shall be liable for all of said child's college and living expenses.

6. Respondent shall pay all necessary medical, doctor, hospital, dental, optical and pharmaceutical bills for the defendant children of the parties and shall keep current the premiums on each child's life insurance coverage.

7. That Petitioner shall have the right of occupancy of the apartment building of the parties and shall make all payments thereon, including taxes and insurance, and shall have the income therefrom.

8. At the termination of the high school education of Megan Kathleen, or by agreement of the parties, as to time, the apartment building shall be appraised and thereafter, if Petitioner desires to purchase the same, she shall have first preference. If Petitioner should elect not to purchase the same, Respondent shall have second preference in purchasing such building at its appraised value. In the event neither party desires to purchase said building, it shall be listed for public sale with a licensed realtor. In any event, the parties shall each be entitled to one-half (½) of the proceeds derived from the sale after payment and retirement of all mortgage indebtednesses, liens and sale expenses.

9. In the event Petitioner should not desire to occupy the above-referred-to apartment building or removes herself therefrom, said building shall be appraised and offered for sale as aforesaid.

10. That Respondent shall be entitled to claim the dependent children of the parties as exemptions for state and federal income tax purposes for so long as he pays support as above set out.

11. That this settlement agreement is full, complete and absolute and forever shall determine the rights between these parties as to their property interests and liabilities one unto the other."

Regarding such agreements, Ind.Code 31–1–11.5–10(b) provides:

"In an action for dissolution of the marriage the terms of the agreement if approved by the court shall be incorporated and merged into the decree and the parties ordered to perform them, or the court may make provisions for disposition of property, child support, maintenance, and custody as provided in this chapter."

The final decree of the court read as follows:

"Comes now the parties in person the petitioner being represented by her attorney and this cause being at issue upon the petition, witnesses are sworn and evidence is heard and the Court now finds that the bonds of matrimony heretofore existing by and between the parties be and they are hereby dissolved; that the petitioner is a fit and proper person to have the care and custody of the unemancipated minor children of the parties: Carlia, age 18, Jennifer, age 15, Patrick, age 13 and Megan, age 11, and the respondent is ordered to pay into the office of the Clerk the sum of $500.00 on the first day of each month hereafter for the support and maintenance of said minor children plus all reasonable and necessary medical, dental, optical and hospital expenses and that such support payments shall continue until the youngest of such minor children, Megan is regularly enrolled in an accredited university and at which time they shall cease and she shall continue to pay such expenses as may be necessary for the further education of such minor children. The parties further agree that the petitioner shall have the right to occupy the jointly owned property of the parties located at 411 E. Seminary Street, Greencastle, Indiana until such time as the youngest of said children is emancipated and that thereafter said property shall be sold pursuant to the

terms of the property settlement agreement which being examined is approved by the Court. Court further finds that the respondent shall be allowed to claim such children as exemptions on his Federal Income Tax Return and have such children with him for extended visitations. Judgment on finding."

Ind.Code 31–1–11.5–17(a) (Supp.1980) provides:

"Provisions of an order with respect to child support may be modified or revoked. Such modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable."

William petitioned for modification of the child support order; the trial court granted the petition, as follows:

"The Court having had this cause under advisement and having considered the evidence and briefs filed by the attorneys in this cause, now finds that there has been a change in conditions since the granting of the original order in this cause and that the support order heretofore entered should be and the same is hereby modified in the following particulars: (1) That the Respondent shall pay all of the college expenses of his child, Jennifer, including books and tuition and shall forward her the sum of $100.00 on the first day of each month, so long as she is enrolled as a full-time student in an accredited college. (2) The Court further finds that the Petitioner is a fit and proper person to have the care and custody of the two minor children of the parties, Megan Meehan, age 15, and Patrick Meehan, age 17, and the respondent is ordered to pay into the office of the Clerk of the Putnam Circuit Court the sum of $80.00 on each Friday hereafter for the support and maintenance of such minor children, plus all reasonable and necessary medical, dental, hospital, optical and pharmaceutical expenses; (3) The Court further finds that so long as Megan is being allowed to live in the home of her father, that the respondent shall be released from paying $40.00 for said support money for each week when said child is not regularly residing in the home of her mother; (4) the Court further finds that in all other respects, the order heretofore made shall remain in full force and effect; (5) The Court further awards William McClellan, attorney for Petitioner, fees in the sum of $200.00 and the Respondent is ordered to pay said sum within thirty days. All of which is Ordered, adjudged and decreed by the Court."

### ISSUES

Barbara presents the following issues: I. "Did the court abuse its discretion by determining against the weight of the evidence that William's obligation to pay $500.00 a month was solely child support and not, in severable part, property disposition or alimony for Barbara?"

II. "Did the court abuse its discretion by reforming the support provision of the property settlement agreement of the parties absent a change of conditions affecting the welfare of the children so substantial and continuing as to make the terms unreasonable as revealed by the totality of the circumstances?"

### DISCUSSION AND DECISION

*Issue I.*

At the onset we would draw attention to the somewhat incomplete form of the decree. The statute calls for an express approval of the agreement and an express incorporation and merger of its terms into the final decree. We find the trial court's approval of the agreement only on the face of the document; the incorporation and merger of its terms are effected by paraphrase and reference. Nevertheless, we will consider the appeal in light of the terms of the agreement as if fully approved, incorporated, and merged into the decree.

Barbara argues the trial court abused its discretion in determining that the obligation to pay $500 per month constituted child support, and not, in severable part, a property settlement or maintenance. Barbara's

petition requested that William be ordered to "support said children in the style to which they have become accustomed at $500.00 per month for food, clothing, shelter, and utilities." She admits the agreement describes the payments as support for the care and keep of the children, but argues, "This clause, though it states an unequivocal obligation as to William is latently ambiguous when the purpose of the *$500.00 payments are inquired into.*" She states, "The scrivener was a respected lawyer of long experience so characterizing the agreement as inartfully drawn would be a disservice to the parties."

■ First, with regard to the petition, we note a trial court may order the payment of maintenance only upon a finding of physical or mental incapacity which materially affects a spouse's self-supportive capabilities. Ind.Code 31–1–11.5–9(c) (Supp.1980); *Temple v. Temple*, (1975) 164 Ind.App. 215, 328 N.E.2d 227. The evidence shows Barbara was and is not incapacitated. Ind.Code 31–1–11.5–10(b) encourages maintenance agreements, however, and we assume the petition was filed with the intention of submitting and gaining approval of such an agreement.

■ Believing the document to have been artfully drawn, we find its terms unequivocal. The parties considered the document to be full, complete, absolute, and forever determinative of their property interest and liabilities. The agreement deems the payments child support; the agreement makes absolutely no mention of maintenance for Barbara; the agreement clearly differentiates among property, custody, and child support matters. Further, the trial court ordered the payments as child support and the parties did not object. Finally, at the hearing on the petition for modification Barbara referred to the payments as child support.

We find no latently ambiguous purpose; we find no abuse of discretion.

*Issue II.*

■ Barbara argues the trial court abused its discretion in modifying the provi-

sions of the child support agreement without sufficient evidence of changed circumstances so substantial and continuing as to make the terms of the agreement unreasonable. On appeal, a modification of a support order is reviewable only for abuse of discretion. *Tucker v. Tucker*, (1980) Ind. App., 406 N.E.2d 321. However, it is clearly an abuse of discretion to modify a support order when there has been no showing of changed circumstances so substantial or continuing as to warrant a change in the support order. *Loeb v. Loeb*, (1969) 252 Ind. 96, 245 N.E.2d 831.

As William frankly stated at the hearing on the petition, he sought modification of the order primarily to obtain relief from the $500.00 monthly child support payment. He showed the trial court that, of the four children in the custody of and residing with Barbara at the time of the final decree, the eldest had become emancipated, the second child was attending college and being supported pursuant to the terms of the order, the third was still in high school and living at home, and Megan, the youngest, was planning to live with him for extended periods of time, although without a formal change of custody. William showed the trial court he would incur considerable expense in making proper arrangement for Megan to live with him. He presented evidence that his income had increased only slightly over the past few years, and had not kept up with inflation. William also showed the trial court that Barbara had remarried and that her husband contributed significantly to the maintenance of a household. There was evidence Barbara operated a small business.

William admitted the agreement was clear with regard to the period of time for which he was obligated to make the support payments, i. e. at least until Megan's high school graduation. Furthermore, he did not dispute the fact that the agreement contained provisions determining his responsibilities without regard to emancipation; that is, he had expressly committed himself to pay for his children's college education no matter what their age. Nevertheless,

William asserted that, given the emancipation of one child, his support of the second in college, his plans to take Megan into his home, and the result that only one child remains in Barbara's care, he should be relieved of a considerable portion of the $500.00 monthly support payment.

The trial court found a change of conditions and modified the original support order, as shown hereinabove.

 The stated purpose of Ind.Code 31–1–11.5–10 is to promote the amicable settlement of disputes which attend the dissolution of a marriage. Upon approval, these agreements become part and parcel of a final decree which will receive the most deferential appellate review. Any disposition of property settled by such an agreement may not be modified by the court, in the absence of fraud, unless the agreement so provides or the parties subsequently consent. *Pactor v. Pactor*, (1979) Ind.App., 391 N.E.2d 1148; *Covalt v. Covalt*, (1976) 171 Ind.App. 37, 354 N.E.2d 766. Although provisions for child support are generally terminated by the emancipation of the child, an agreement may provide otherwise. Ind.Code 31–1–11.5–17. In short, if approved by the court and incorporated and merged into the final decree, the terms of such an agreement should not be modified unless they have become clearly unreasonable.

 The agreement before us contains provisions which anticipated and settled the liabilities of the parties upon most of the current circumstances. Emancipation and enrollment in college have been dealt with according to its terms. The support payments of $500.00 have continued to date, as Megan has yet to graduate from high school or to become emancipated. The apparently unforeseen circumstance of Megan's living with her father does not render the terms unreasonable, especially in light of the fact that there has been no change of custody and Megan might return to Barbara's care at any time. Furthermore, William has not shown that either his or Barbara's financial condition has changed so substantially as to make the terms of the agreement unreasonable. Thus, we are constrained to conclude

the trial court abused its discretion in modifying the terms of the original child support order.

Reversed.

ROBERTSON, J., concurs.

RATLIFF, J., concurs in result.