### In the Matter of the DELLA LUSTGARTEN NATHAN TRUST.

No. 23S01–9408–CV–791.

Supreme Court of Indiana.

Aug. 18, 1994.

George L. Hanna, Hanna, Gerde & Burns, Lafayette, for trustee-appellants.

Robert O. Williams, Williams Law Office, Covington, for appellees.

DICKSON, Justice.

This is an appeal from a trial court judgment terminating a trust which by its express terms terminated upon the settlor's death. Following the settlor's demise, the trial court denied trustees the authority to sell real estate and entered an order terminating the trust. The trustees sought to sell the real estate primarily to resolve unpaid administrative expenses and advancements. The Court of Appeals reversed, believing that the trustees' power to sell real estate was not destroyed by the death of the settlor. *Matter of Nathan Trust* (1993), Ind.App., 618 N.E.2d 1343.

In 1977, settlor Della Lustgarten Nathan entered into a trust agreement. The trust corpus consisted primarily of a 510–acre farm in Fountain County. Trust income was to be paid to the settlor during her lifetime.

Terms of the trust also provided that, upon the settlor's death, the trust was to be terminated and the corpus of the trust and any accumulated income distributed equally to the five beneficiaries.

After the settlor's death on January 4, 1992, trustees, while engaged in the winding up of the trust, concluded that the accumulated trust income was insufficient to pay accumulated administrative costs, advancements, and other obligations. Trustees initiated steps to sell the farm property to meet these obligations and docketed the trust in the Fountain Circuit Court. Four of the five beneficiaries thereafter petitioned the court to terminate the trust, seeking immediate equal distribution of the accumulated income and farm property to all of the beneficiaries. The trial court granted this petition.

Trustees assert on appeal that their responsibility and authority do not terminate simultaneously with termination of the trust. They argue that in terminating the trust the trial court effectively stripped the trustees of the authority and responsibility for winding up the affairs of the trust. More specifically, they contend that the trial court's order prevents them from settling pending claims, contracts, bills, taxes, court costs, and other related matters in an orderly disposition of the trust property.

■ This Court will not disturb a trial court order unless it is apparent that there has been an abuse of discretion. *Loeb v. Loeb* (1969), 252 Ind. 96, 100, 245 N.E.2d 831, 833. An abuse of discretion will be found where "the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *McCullough v. Archbold Ladder Co.* (1993), Ind., 605 N.E.2d 175, 180.

In reversing the trial court in the present case, the Court of Appeals relied in part upon *McNew v. Vert* (1908), 43 Ind.App. 83, 86 N.E. 969, which held that when power vested in cotrustees to sell real estate for the purpose of the trust is coupled with absolute title to the premises, such power is not destroyed by the death of the settlor. *Matter of Nathan Trust,* 618 N.E.2d at 1345. Since *McNew,* however, our legislature has enacted

Indiana's Trust Code, Ind.Code 30–4–1–1, *et seq.,* which is applicable to this action.

The Trust Code declares that "[t]he rules of law contained in this article shall be interpreted and applied to the terms of the trust so as to implement the intent of the settlor and the purposes of the trust." Ind.Code § 30–4–1–3.

Moreover, Ind.Code § 30–4–3–24 provides in relevant part:

(a) On petition by a trustee or beneficiary, the court may, in its discretion, terminate the trust:

(1) If the purpose of the trust has been fulfilled or has become illegal or impossible of fulfillment ...

(b) The court shall include in its order under subsection (a) of this section a provision making such a distribution of the trust estate as the court deems most nearly in conformance with the settlor's intent.

In the present case, the trust indenture plainly evinces the intent of the settlor and the purpose of the trust:

Said Co–Trustees are hereby authorized, empowered and directed to pay the income from said trust to the Settlor, Della Lustgarten Nathan, during her lifetime, and upon the death of Della Lustgarten Nathan, this trust shall be terminated and the corpus of the trust estate and any accumulated income shall be distributed equally, share and share alike, to [the beneficiaries], or heirs thereof, per stirpes.

Record at 9.

■ The purpose of the trust, payment of income to the settlor during her lifetime, ceased with settlor's death. Furthermore, the express terms clearly demonstrate an intent that the trust be terminated at the time of the settlor's death and that the corpus of the trust and any accumulated income be distributed equally to the beneficiaries. Therefore, the trial court's decision did not clearly run counter to the facts and circumstances before it, nor did the court misinterpret the governing provisions of the Indiana Trust Code, *supra.* The trial court did not abuse its discretion in terminating the trust

and denying trustees the authority to sell the farm.

Our decision does not leave trustees without recourse. The Trust Code sets forth other remedies available to trustees, providing in pertinent part:

(c) The trustee is entitled to a lien against the trust estate:

(1) For any advances made by him under 30–4–3–3(a)(10); and

(2) For the value of his services for which he is entitled to, but has not received, compensation as provided either under the terms of the trust or under 30–4–5–16.

Ind.Code § 30–4–3–18.

Transfer is granted. The judgment of the trial court is affirmed.

SHEPARD, C.J., and GIVAN and SULLIVAN, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

DeBRULER, Justice, concurring in result.

This trust was docketed in court after the death of the settlor and life beneficiary, for the purpose of providing a judicial forum for the resolution of a controversy about the administration of the trust during final settlement and the winding up. The trust agreement empowered the trustees to sell assets including the farm to fulfill trust obligations. Upon a petition of remaindermen beneficiaries to terminate the trust, the court ordered that (1) the trustees could not sell the farm in fulfilling their trust obligations, (2) that the trustees should nevertheless fulfill all their trust obligations, and (3) the court's oversight over the process was at an end. At the time, the trust assets were justly burdened with trust obligations including some seventeen claims and bills. Normally I should say, if a trust is properly docketed so as to give rise to probate court jurisdiction over the administration of that trust, a probate court should not stop short of making all special provisions necessary to a successful administration. Here, I do not believe the probate court provided such necessary special provisions. However, like the majority of the court, I am not persuaded that an appellate remedy is warranted.